### AMSDEN, receiver &c. *vs.* MANCHESTER and others.

In actions involving questions of fraud, the intent is always a material inquiry; and for the purpose of establishing that, other acts of a similar character, done about the same time, may always be shown.

Hence, in an action to set aside a conveyance made by a debtor in fraud of his creditors, evidence showing what other property he had, at or before the time, and the value thereof, and that he had conveyed the same to different grantees, without consideration, and with intent to defraud his creditors, is admissible, on two grounds: 1st. To show the situation of the debtor, in respect to his property, at the time of the transaction alleged in the complaint to be fraudulent, and what has been done with the property he previously had; and 2d. For the purpose of establishing the fraudulent intent charged in the complaint.

A deed, expressing a money consideration, and acknowledging the payment thereof, is *prima facie* evidence that such was the true consideration, and that it has been paid. But a judgment creditor has the right to rebut this presumption, and to show that the sum specified in the deed was never paid, by the grantee.

For this purpose it is proper to show that the grantee was a married woman, and had no separate property or estate, before the execution of the deed; and that her husband was notoriously poor, and destitute of the means of paying the consideration specified in the conveyance.

Those facts may be shown by the reputation of the parties, in respect to pecuniary means, in the town or neighborhood where they resided, on the question of the *bona fides* or *mala fides* of the transaction.

Amsden *v.* Manchester.

THIS was an action brought by Andrew J. Brackett, as receiver, against the defendants, to set aside as fraudulent and void, as to the plaintiff, certain conveyances of real estate; one from James W. Manchester and Margaret S., his wife, to Sarah P. Sanderson, dated January 13, 1858, and one from Sarah P. Sanderson to Mrs. Manchester, of same premises, dated January 22, 1858; and asking that the said Margaret S. and James W. unite in a conveyance of said land to the plaintiff, and that the plaintiff sell the same, and out of the proceeds pay the judgments which he represents, and all costs which have accrued in the appointment of the plaintiff as receiver, and also for an accounting for the rents, avails, profits and issues of the same. The defendant Margaret S. Manchester was the only one who defended. The other defendants did not appear in the action. The action was tried before E. A. Raymond, Esq. sole referee. Subsequent to the judgment, the plaintiff and receiver Brackett died, and C. T. Amsden was duly appointed receiver in his place. On the trial the leading facts established by the plaintiff were: In the years 1854, 1855 and 1856, James W. Manchester became indebted to James Brackett, and James Brackett & Co., in the sum of about $180, and so continued, and was in January, 1858, and still is so indebted. That at that time he owed divers other debts and was insolvent. That on the 13th of January, 1858, he, with his wife, deeded by warranty deed all his real estate, being that on which he lived, about seven and a half acres, to his sister, Sarah P. Sanderson, a widow lady of no means, living in Orleans county. The consideration expressed in the deed was $900. That on the 22d of January, 1858, Mrs. Sanderson executed a warranty deed of the same premises back to Mrs. Manchester, for the nominal consideration of $900. That Manchester continued to reside on the premises, and ever since has so resided, and Mrs. Sanderson did not take possession, but continued to reside in Orleans county. That the property conveyed was worth about $1200 and over. That Mrs. Man-

chester had no pecuniary means when she married Manchester, but was very poor. That she had acquired no separate estate since her marriage. That Mrs. Sanderson had no means of her own, nor had her husband. That she was entirely destitute even of the necessaries of life, and so was her husband during his life. That his whole estate, left by him in 1855, at his death, was only $175. That the plaintiff was duly appointed receiver in the suits brought by James Brackett, and James Brackett & Co., against J. W. Manchester; in which suits judgments were recovered, and executions issued and returned unsatisfied. The referee found as matters of fact that at the time of the said several conveyances of the premises, James W. Manchester was indebted to other persons besides said James Brackett, and had no property or means with which to pay such indebtedness, other than the real estate known as the hotel property, adjacent to the premises in question, and said premises. That on the 11th day of April, 1854, he executed a conveyance of the hotel property, containing about one acre of land, to John McKibbin, of the city of Rochester, a brother of the defendant Margaret S. Manchester, for the nominal consideration of $500, but without any actual consideration for such conveyance. That said John McKibbin and wife, on the same day, executed a quit-claim deed of said premises to said Margaret S. Manchester, for the nominal consideration of $1, but without receiving any actual consideration therefor. That at the time of such conveyances said James W. Manchester was in debt, and insolvent. That the premises described in the complaint are incumbered by the lien of a mortgage executed by James W. Manchester and wife to Hiram Andrews, and bearing date the 1st day of May, 1855, given to secure the payment of $700, payable in five equal annual payments, on the 1st day of April in each year, and part of which had been paid at the time of the conveyances in the complaint set forth. That neither the said Sarah P. Sanderson, nor the said Margaret S. Manchester, had any

actual knowledge or information at the times of the aforesaid several conveyances to and by them respectively of the premises described in the complaint, of the indebtedness of the defendant James W. Manchester to James Brackett and James Brackett & Co., upon which said judgments were recovered. That said James W. Manchester is still indebted to the plaintiffs in said judgments respectively, in the whole amounts of said judgments, with interest from the time of the recovery thereof; which amounted in the aggregate, with interest to the date of the report, to the sum of $218.79. That each and every of said conveyances was made and procured to be made by said James W. Manchester, with intent to hinder, delay, cheat and defraud his creditors, and that neither the said Sarah P. Sanderson, nor the said Margaret S. Manchester was a bona fide purchaser for a valuable consideration.

The referee's conclusions of law were that the sale and conveyance of the premises described in the complaint, by the defendants James W. Manchester and wife, to Sarah P. Sanderson, was without consideration, and fraudulent and void as against the creditors of said James W. Manchester, and was made by him with intent to defraud the said creditors of James W. Manchester; and that the sale and conveyance of the premises by Sarah P. Sanderson to Margaret S. Manchester, was also without consideration, and fraudulent and void as against the creditors of said James W. Manchester; and that the said judgments were a lien upon the premises at the time of the docketing of the same as mentioned in the complaint, and are still a lien thereon, subject to prior incumbrances. That the said James W. Manchester and Margaret S. Manchester should account to the plaintiff for the rents, issues and profits of said real estate, received by either of them since the docketing of said judgments, and that they should execute a conveyance of said premises to the plaintiff, as such receiver, for the purpose of enabling him to satisfy and pay said judgments, with interest thereon from the dates of their

reovery respectively, together with costs and disbursements of the proceedings supplementary to execution in both said actions, with interest thereon from the date of the order appointing the plaintiff such receiver, and the costs of this action, and his commission as receiver. And that the defendant James W. Manchester pay the plaintiff, as such receiver, the sum of $330.52. And that the plaintiff recover his costs.

On the trial the plaintiff offered evidence to show that previous to the execution of the conveyances sought to be set aside, J. W. Manchester had purchased at sheriff's sale, certain other property, situate in West Greece, called the hotel property; what was the consideration and value thereof; that on the same day of the purchase, he conveyed such property to John McKibbin, who was Mrs. Manchester's brother; and that McKibbin immediately conveyed the same to Mrs. Manchester, without consideration. The plaintiff also offered evidence to show the utter poverty of Mrs. Manchester, at the time of her marriage to Manchester, and since; with a view of negativing the idea of her having means of her own to pay $900 for this land. With the same view he offered to show that Mrs. Sanderson and her husband were very poor; that she had no separate estate, or means of paying the consideration mentioned in the deed to her. All the above testimony was objected to, and admitted, by the referee.

The defendant, Margaret S. Manchester, appealed from the judgment.

*Perry & Brand,* for the appellant.

*Shuart & Townsend,* for the respondent.

*By the Court,* JOHNSON, J. The principal exceptions insisted upon by the defendant's counsel are to the rulings of the referee upon questions of evidence in the course of the trial. The evidence in regard to the hotel property was admissible upon two grounds: First, to show the situation of

Amsden *v.* Manchester.

the judgment debtor in respect to his property at the time of the transaction alleged to be fraudulent in the complaint, and what had been done with the property he had previously had. Second, for the purpose of establishing the fraudulent intent charged in the complaint. In actions involving questions of fraud, the intent is always a material inquiry, and for the purpose of establishing that, other acts of a similar character, about the same time, may always be shown.

In regard to the premises in question, the deed of the defendant James W. Manchester to Mrs. Sanderson, and also the deed of the latter to Mrs. Manchester, the wife of James W. Manchester, each purported on its face to be in consideration of $900 paid by the grantee, and the instrument was *prima facie* evidence that such was the true consideration, and that it had been paid. But the plaintiff had the right to rebut this presumption, and to show, if he could, that the sum specified in the respective deeds was not the true consideration, and that no such payment had ever been made by either of the grantees. For this purpose it would undoubtedly be competent to show that both grantees were married women, and that neither of them had any separate estate or property before the making of the deed. That would be a circumstance of more or less weight, in view of the other facts and circumstances in the case, but clearly competent as an item of evidence. And for the same purpose and in the same view, it was competent to show that the husband of Mrs. Sanderson was notoriously poor, and that both were destitute of the means to make any such payment. This could undoubtedly be shown by the reputation of the parties in respect to pecuniary means, in the town or neighborhood where they were accustomed to reside, on the question of the *bona fides* or *mala fides* of the transaction. (*C. & H. Notes,* 702.) Indeed, it has been held that common reputation is the best evidence of the state of a man's property, where the question arises collaterally.

That the evidence in this case, taken together, was suffi-

cient to rebut the presumption of consideration and of payment afforded by the deeds, and to throw the burthen of proving the consideration and the payment upon the defendants, I entertain no doubt.

The case, upon the merits, was I think properly decided. The judgment must therefore be affirmed.

[MONROE GENERAL TERM, December 1, 1862. *Welles, Johnson* and *J. C. Smith*, Justices.]