## SLINGERLAND V. BENNETT.

*Fraudulent representations — what are such. Evidence — reputation as to pecuniary responsibility.*

Defendant, as part of the purchase-money for personal property, gave plaintiff the note of H., which plaintiff took upon defendant's representation that H. had two farms and only $3,000 debts, and that H. was as good as M., a person reputed to be pecuniarily well-off. At the time there were upon the farms of H., which were worth $15,000, mortgages to the amount of $12,000, and H. was otherwise indebted $3,000. Eight months afterward, when the note became due, a judgment against H. was obtained and an execution issued thereon was returned *nulla bona.* Defendant refused to indorse or guaranty the note when he gave it to plaintiff. About the same time, defendant disposed of other notes of H., to other persons, making similiar representations. *Held,* sufficient to justify a jury in finding that the representations made by defendant were false in fact, and that defendant knew of their falsity.

Plaintiff, while testifying in his own behalf, was asked if M. was reputed to have wealth. *Held,* proper upon the question of the falsity of the representations made as to the responsibility of H.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury.

The action was brought by John S. Slingerland against Erasmus Bennett to recover for a fraud of defendant in putting off upon the plaintiff a promissory note of $500 against one Houck, which proved uncollectible. On the trial plaintiff, who was sworn as a witness on his own behalf, was asked these questions, on the direct examination, with reference to one Moss Slingerland.

Question. "You know he was reputed to have wealth?" Question. "He was generally reputed to be a man of property?" Defendant's counsel objected to these questions; but they were allowed, and the witness answered them affirmatively. Such other facts as are material appear in the opinion.

*J. H. Clute,* for appellant.

*Amasa J. Parker,* for respondent.

Present — JAMES and BOARDMAN, JJ.

BOARDMAN, J. The defendant, in transferring this note to plaintiff, made representations that the note was perfectly good;

Slingerland v. Bennett.

that Houck owned two farms in Bethlehem and had only $3,000 against him; that he was as good as Moss Slingerland or either of the parties.

Upon the trial, it appeared beyond controversy that the two farms were mortgaged, at the time of the transfer of the note, for $12,000 and over; that the property was worth about $15,000, and that Houck was indebted otherwise about $3,000. It also appeared that when the note became due about eight months after it was put into judgment, an execution issued upon such judgment was returned unsatisfied. Moss Slingerland was proved, by reputation, to be a man of a good deal of property. It cannot successfully be maintained that, upon such evidence, the jury was not justified in finding the representations made by defendant false in fact.

To show an intent on the part of defendant to defraud the plaintiff, and the defendant's knowledge or presumptive knowledge of such falsity, evidence was given that defendant refused to indorse or guarantee this note; that he had a considerable number of other notes given by Houck to defendant; that all such notes were given for a patent right, and that defendant had sold or disposed of such notes to others with like false representations, about the same time, in exchange for property.

This, and perhaps other evidence, tended to show that the defendant was acting with full knowledge of Houck's pecuniary condition and responsibility, and was intending to deceive and defraud the plaintiff by getting the note in suit on plaintiff for value. At least the whole case presents facts from which an inference may well be drawn by court or jury, that the representations made by defendant to plaintiff were false in fact; that defendant knew they were false; that he made them with intent to deceive the plaintiff; that plaintiff relied thereon, and was thereby deceived and defrauded, and that plaintiff suffered in damages to the amount of the verdict rendered by the jury, in consequence of such deception.

It was not a mere representation of solvency as claimed by the appellant. The representation was that Houck was perfectly good, as good as Moss Slingerland; was possessed of two farms with only a slight incumbrance upon them. If these facts had proved true, an execution would scarcely have been returned *nulla bona*, eight months after the note was due, nor would plaintiff have suffered

any loss. The returned execution is *prima facie* evidence of actual insolvency at the date of the return, upon which the jury have well found that such insolvency existed in July, 1870.

The defendant imposed upon plaintiff as to Houck's property and ability to pay this note. The activity shown by defendant in getting rid of the other notes in exchange for various kinds of property, was strong evidence of his consciousness that Houck was not good, and the notes would not be paid.

The question put to the witness, touching the pecuniary responsibility of Moss Slingerland, was proper. His reputation in the community where he was known, for being a man of property, was in view of the parties when defendant compared Houck's responsibility with his. It was the only mode of establishing, by evidence, the falsity of the representation in the sense and view in which it was made. " It has been held that common reputation is the best evidence of the state of a man's property when it comes in question collaterally." *Amsden* v. *Manchester*, 40 Barb. 158, 163.

We see no error which should disturb the judgment rendered in this action, and the same is therefore affirmed, with costs.

*Judgment affirmed.*