John P. Harley, as Administrator, etc., Appellant, v. The United States Life Insurance Company, Respondent.

(Argued June 25, 1883 ; decided October 2, 1883.)

*Joshua M. Van Cott* for appellant.

*O. P. Buell* for respondent.

Agree to affirm; no opinion.
All concur, except Andrews, J., absent, and Danforth, J., not voting.
Judgment affirmed.

---

Alfred T. Baxter, Respondent, v. Franklin Bell, Impleaded, etc., Appellant.

(Argued June 25, 1883; decided October 2, 1883.)

*Samuel Hand* for appellant.

*Frederic A. Ward* for respondent.

Agree to affirm; no opinion.
All concur, except Andrews, J., absent.
Judgment affirmed.

---

William H. Garner, Respondent, v. Darius R. Mangam et al., Appellants.

(Argued June 25, 1883 ; decided October 2, 1883.)

This was an action to recover damages for alleged fraud.
The defendants owned the stock of a joint-stock association, each of them owning about one-third thereof. Plaintiff alleged and the jury found, on evidence held here to be

sufficient, that defendants, by means of false representations, induced plaintiff to purchase one hundred and twenty shares of said stock which was utterly worthless. Each of the defendants contributed forty shares, and all were parties to the fraud. By the judgments defendants were held jointly liable for the whole damages. It was claimed that this was error; that each was only liable for the damage as to the forty shares of stock transferred by him. *Held* untenable.

The court say :

"It was not a sale of forty shares by each defendant separately, but a sale of one hundred and twenty shares as one parcel, made up by a contribution of forty shares by each defendant. Each, therefore, became the agent of the others in making the sale, and each became responsible for the representations made by the others. Pratt could not receive the fruits of the bargain without being responsible for the fraud through which it was effected. (1 Benj. on Sales [Corbin's ed.], 608 *et seq.* ; *Sandford* v. *Handy*, 23 Wend. 260; *Bennett* v. *Judson*, 21 N. Y. 238; *Griswold* v. *Haven*, 25 id. 595; *Elwell* v. *Chamberlin*, 31 id. 611; *Davis* v. *Bemis*, 40 id. 453.)"

It was part of the agreement, that plaintiff should be vice-president of the association at a salary of $3,000 per annum. Plaintiff acted in that capacity for about six weeks when, having discovered the fraud, he resigned his position, tendered back the stock, and demanded the money paid. Plaintiff received the proportion of the salary for the time he performed the duties of the office. *Held*, that he was not bound to tender back the amount received, that having earned the salary he was entitled to it, and did not ratify the fraudulent contract by taking it, even if he had full knowledge of the fraud when he received it.

*Richard H. Huntley* for appellants.

*Alex. Thain* for respondent.

EARL, J., reads for affirmance.

All concur, except RAPALLO, J., not voting, and ANDREWS, J., absent.

Judgment affirmed.

---

WILLIAM S. LIVINGSTON, Jr., et al., as Executors, etc., v. WILLIAM GORDON et al., Appellants, ST. JOSEPH'S HOME FOR THE AGED, Respondent.

THIS case is reported on a former appeal in 84 N. Y. 136, wherein it was held in substance that defendant, the Society for the Relief of the Destitute Blind, was entitled, in case it was willing to perform the condition, to a bequest given by the will of Ernest McCracken. The will of said testator gave to his executors $32,000 in trust to pay the interest to said society " so long as that institution shall maintain and care for William Gordon," and in case he was so cared for and maintained during life, at his death the principal to be paid to that society. In the judgment it was adjudged that said William Gordon receive during his natural life from said society "his reasonable and suitable maintenance either at their said institution or elsewhere as he may elect." It was also adjudged that " any of the parties to this action have leave to apply at the foot of this judgment for further instructions."

This was an application in pursuance of said provision.

The facts appearing thereon are stated in the opinion, which is given in full.

" The order of reference in this case required the referee to take proof of all the facts and circumstances relating to or affecting the right of the defendant Gordon to be allowed his support and maintenance, either at the institution of the defendant, ' The Society for the Relief of the Destitute Blind of the city of New York and its vicinity,' or elsewhere as he may select, so far as the same has not been already adjudicated, and what is a proper amount to be paid to said William Gordon, if any, for his reasonable support and maintenance, under the will of the testator, Ernest L. McCracken, to the time of the report, and during his life, provided he should