DELANO v. RICE.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. COUNTERCLAIM—WHAT CONSTITUTES.
  In an action for the price of stock of a corporation which published a magazine whose policy defendant controlled, defendant set up as a counterclaim that the purchase was induced by fraudulent representations that plaintiff had effected a combination of holders of a majority of the stock who were pledged to oust defendant from his office as president of the company, elect officers in plaintiff's interest, change the policy of the magazine, and reinstate as editor a person obnoxious to defendant; that these statements were known to plaintiff to be false, and were intended to induce defendant to buy in plaintiff's stock; and that defendant believed in and relied on them, and was thereby induced to make the purchase of stock which had no market value. Defendant asked a rescission of the contract and a recovery of sums paid, and offered to return the stock. Held, that the facts constituted a valid counterclaim.

2. RESCISSION—TENDER.
  In an action for rescission. it is a sufficient offer of restitution to set forth that the party is willing to restore if he is not entitled to retain what he has received.

Appeal from special term.

Action by Warren Delano, Jr., against Isaac L. Rice. From a judgment overruling a demurrer to defendant's counterclaim, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

H. E. Deming, for appellant.
Nathan Bijur, for respondent.

RUMSEY, J. The plaintiff brought an action to recover from the defendant the price of 158 shares of preferred stock and 30 shares of the common stock of the Forum Publishing Company, which the defendant had agreed to buy, but which he had refused to receive. In his answer to the complaint, the defendant set up a counterclaim, to which the plaintiff demurred, upon the ground that it did not state facts sufficient to constitute a cause of action. Upon the hearing, that demurrer was overruled, and, from the judgment entered upon that decision, this appeal is taken.

The question presented by the demurrer is not whether, upon the facts as they may be made to appear upon the trial, the counterclaim is sufficient, but whether the facts alleged in it would tend to defeat or diminish the recovery to which the plaintiff is apparently entitled. Code Civ. Proc. § 501. It may well be that upon the trial the defendant will fail entirely to prove some fact essential to make the counterclaim good, but upon the hearing of this demurrer that is of no importance. The question here is whether within the four corners of the counterclaim are found those allegations which would set out a good cause of action if that counterclaim had been set up as a complaint in an action brought by the defendant against the plaintiff to recover upon it. It is set up to procure in behalf of the defendant the rescission of a contract made with the plaintiff, by which the defendant was induced to buy 393 shares of stock of the Forum Publishing Company at a large price. The charge is that he was induced to enter into this contract by the fraudulent representations of the plaintiff, and the relief asked for is that he may rescind the contract, and recover back the money which he was induced to pay upon it; and he offers in his counterclaim, upon repayment of the money to him, to restore the stock which he has received. Where a person has been, by deceit, induced to enter into a contract, he has, as a remedy, either to bring an action at law for the damages which he has sustained, or to bring his action on the equitable side of the court for the rescission of the contract. In either case the essential constituents of the action are the same. They are "representation, falsity, scienter, deception, and injury." There must have been a false representation, known to be such, made by the seller, calculated and intended to influence the buyer, which came to his knowledge, and in reliance upon which he in good faith parted with the property or incurred the obligation which occasioned the injury of which he complains. Brackett v. Griswold, 112 N. Y. 454, 467, 20 N. E. 376. We are to examine this counterclaim, therefore, to ascertain whether these elements of a cause of action for deceit are set up in it; and, if they are sufficiently alleged, then the counterclaim is a good one, whether the defendant will be able to prove it upon the trial or not.

It appears from the counterclaim that the defendant was a large owner of the stock of the Forum Publishing Company and its president, and that he controlled the policy of the company in the publication of its magazine.　It appeared also that the plaintiff had become the owner of a considerable amount of stock, and that he was desirous, or pretended to be desirous, of obtaining the control of the company, ousting the defendant from his position as president, and putting his own brother-in-law in the position of editor of the magazine.　In that condition of affairs, it is alleged that the plaintiff falsely stated to the defendant that he had made a combination with certain holders of. the preferred stock of the company, whom he named, who held in the aggregate, with the plaintiff, a majority of the stock of the company, to elect, as officers of the company, persons in the plaintiff's interest, and to reinstall as editor a person who was obnoxious to the defendant; and that this combination had been made to oust the defendant from his position as president, and change the policy advocated by the then management of the corporation; and that the stockholders in the corporation had specifically pledged themselves to vote for the carrying out of that purpose.　It was alleged in the counterclaim that these representations were false; that they were known to the plaintiff to be false; and that they were made with the intent of inducing the defendant to enter into the contract to purchase the 393 shares of stock which were owned by the plaintiff.　It was further alleged in the counterclaim that the defendant relied upon those representations, and believed them to be true, and was induced by them to enter into the contract to purchase the stock, and to pay the sum of $30,000 and upward for it.　It was further alleged that the stock so sold did not have any market value at the time of the purchase, and that the defendant was injured by being persuaded to buy this worthless stock at a large price, for the purpose of preventing the carrying into effect of the purposes of the combination of stockholders which the plaintiff had informed him had been made.　In these allegations is clearly found every one of the facts necessary to set up a good cause of action to rescind the contract.

It is claimed, however, that the representations were not such that the defendant had the right to rely upon them, but that he might have discovered their falsity by an examination.　In such cases, however, where one is induced by false representations to enter into a contract. he does not owe to the person who makes the representations any duty of active vigilance to ascertain the facts.　If the facts stated are apparently within the personal knowledge of the one making them, the person to whom they are made may rely upon them, and act upon them, without adopting any means to discover the imposition.　Baker v. Lever, 67 N. Y. 304.

It is said, too, that these facts were not material to the making of the contract, and were not such as should have operated to induce the defendant to enter into it.　It might be sufficient to say in regard to that that the allegation of the counterclaim is that the defendant did rely upon them, and that they were an inducement to him to enter into this contract.　It is not necessary that the facts

falsely stated should be the sole inducement. If they were an inducement, and operated to persuade a party to enter into a contract which but for them he would not have made, that is a sufficient inducement to serve as a basis for his action for deceit, although he had other good reasons for making the contract. Morgan v. Skiddy, 62 N. Y. 319. But these facts were, in view of the allegations of the counterclaim, material and sufficient to induce the defendant to enter into this contract. It appears from the allegations that he was then in control of this corporation; that he was desirous of continuing in control of it, because he believed that his policy was for the best interest of the magazine. The representations made to him were that, unless he purchased the plaintiff's stock, he would lose that control, which would be taken away from him by a combination between those stockholders who had formerly been friendly to him. It can easily be seen how these facts might fairly operate as a powerful inducement to one interested in a corporation to make a purchase of its stock which otherwise he would not have made. It is quite true that these representations contain nothing as to the intrinsic value of the property which was to be sold, but they did state other facts very material in the mind of the defendant, as to the desirability of purchasing the property, and as to the effect which that purchase would have upon other property of the same kind owned by him; and it can easily be seen that such a representation might well operate with great force to lead him to determine whether or not he would make the purchase, which but for them he would have no inducement to do. It is not necessary that a false representation, to be material, and to operate as an inducement upon a party to make a purchase, should be as to the qualities or condition of the article which is intended to be sold. If it be made with reference to any fact which affects the desirability of the article in the mind of the person who is besought to buy it, it may be a material inducement, just as much as though it contained something about the qualities themselves of the article presented for sale.

The counterclaim sufficiently offers to make restitution to the plaintiff for what the defendant has received under the contract. Such an allegation is sufficient if it is stated in the action brought for rescission that the plaintiff is willing to restore if he is not entitled to retain what he has received. Gould v. Bank, 99 N. Y. 333, 2 N. E. 16.

Upon the whole case, the judgment overruling the demurrer must be affirmed, with costs, with leave to withdraw demurrer and reply on payment of costs in this court and in the court below. All concur.