(69 App. Div. 134.)

### CHISHOLM v. EISENHUTH.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. **SALE OF WIFE'S PROPERTY—CANCELLATION—FRAUDULENT REPRESENTATIONS BY HUSBAND.**

    Fraudulent representations made by a husband to induce a sale of his wife's property are ground for cancellation of the sale, where the wife, though not directly participating in the negotiations, permits them to be conducted by her husband, executes the contract thus induced, and accepts the fruit of his services.

2. **SAME—EVIDENCE—ADMISSIBILITY.**

    In a suit to cancel a sale for fraudulent representations, evidence of similar representations, made to other persons at or about the same time, is competent.

3. **SAME—TIME OF REPRESENTATIONS.**

    Fraudulent representations, made on a prior sale of similar stock to plaintiff, some months before, are sufficient ground for canceling a sub-

sequent sale, though not expressly reiterated, where they are calculated and intended to induce the latter sale, and where plaintiff is justified in relying on them.

4. SAME—CONDITIONS PRECEDENT TO CANCELLATION.

Where plaintiff sued to cancel a sale for fraudulent representations within a month after discovering the fraud, and in the meantime did nothing in affirmance of the sale or to mislead defendant, and in his complaint offered to return the property and tendered it on the trial, an objection that he could not maintain his action because he did not tender a return thereof before bringing suit was untenable.

Appeal from special term, New York county.

Suit by Stewart H. Chisholm against Ella V. Eisenhuth. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles W. Lefler, for appellant.
Charles A. Decker, for respondent.

LAUGHLIN, J. This is a suit in equity to cancel a contract for the purchase of 700 shares of the capital stock of the Eisenhuth Horseless Vehicle Company, and to recover the moneys paid on account of such purchase. The purchase was consummated on the 17th day of November, 1899, and the stock was delivered to plaintiff, who, by check, paid $10,000 down, and agreed to pay $20,000, that being the balance of the purchase price, within six months. The plaintiff alleged that he was induced to make the contract by false and fraudulent representations to the effect that the automobiles which said company was incorporated to manufacture, under the protection of patents owned by it, had passed the experimental stage, had been tried, tested, and were an assured success, so much so that the company had contracts for the manufacture and sale of automobiles upon which its profits would amount to over $1,000,000, and that it had one order alone from a prominent New York ice company for 1,000 auto-trucks, which would yield a profit of $500,000. These allegations were sustained by the evidence introduced upon the trial. Not only did the company not have these or any other contracts, but it was still experimenting with a motor which had stood a shop test, and was attempting to improve upon and perfect it. The evidence fairly justified the finding that the representations were fraudulently made, for the purpose of inducing the plaintiff to purchase the stock, and that he relied thereon in so doing.

These false representations were made, not by the defendant, but by her husband, and it is contended that they were not authorized by her. There was evidence of an express admission on her part that her husband was authorized to sell her stock, and that he managed all of the sales of her stock. She did not directly participate in the negotiations for the sale of the stock, but permitted the same to be conducted by her husband, and she executed the contract thus induced, and accepted the fruits of his services. For the purpose of the relief sought in this action, his fraud was her fraud.

Evidence that similar representations were made by the husband at or about the same time, to two other parties, who also through him purchased other shares of the capital stock of this corporation owned by her, offered by plaintiff, was received, under defendant's objection that it was incompetent, and a motion to strike it out was denied. Her counsel excepted to each of these rulings, and he relies on Hubbell v. Alden, 4 Lans. 214-225, to sustain his contention that the evidence was incompetent. That was also an action to rescind a contract for the purchase of stocks on the ground of fraud and to recover the amount paid. The court recognized the existence of the rule permitting evidence of similar contemporaneous frauds, but did not deem the other fraudulent representations proved sufficiently contemporaneous to justify the reception of the evidence. The court of appeals, however, reversed the general term, and sustained the recovery as to a party against whom this evidence was received, and, without discussing the competency of the testimony, cited this evidence in the opinion as tending to establish the fraud. Hubbell v. Meigs, 50 N. Y. 480, 481. The evidence of the false representations made to the plaintiff was ample to establish the fraud and sustain the judgment, without the testimony relating to similar contemporaneous false representations; but we consider that evidence competent, as tending to establish the fraudulent intent. Cary v. Hotailing, 1 Hill, 311, 37 Am. Dec. 323; Amsden v. Manchester, 40 Barb. 158; Cutlery Co. v. Babcock, 22 Hun, 481; Miller v. Barber, 66 N. Y. 558, 568; Baldwin v. Short, 125 N. Y. 553-559, 26 N. E. 928; Boyd v. Boyd, 164 N. Y. 234, 58 N. E. 118. The false representations were made on a prior sale of similar stock to defendant some months before, and were not expressly reiterated on the sale of the stock in question. We think the court was warranted in finding that they were calculated and intended to induce the last purchase, and that plaintiff was justified in relying thereon.

The point is also made that the action cannot be maintained because plaintiff did not tender a return of the stock before bringing the action. The plaintiff brought this action within a month after discovering the fraud, and in the meantime he did nothing in affirmance of the contract, or that could in any manner mislead or prejudice the defendant. In his complaint he offers to return the stock, and he produced it upon the trial, and tendered a surrender thereof, which was refused. The decree requires it to be deposited with the clerk of the court for the benefit of the defendant. The suit being in equity, this is all that is required. Delano v. Rice, 23 App. Div. 327-331, 48 N. Y. Supp. 295; Littlejohn v. Leffingwell, 47 App. Div. 377-379, 62 N. Y. Supp. 79; Vail v. Reynolds, 118 N. Y. 297-302, 23 N. E. 301; Berry v. Insurance Co., 132 N. Y. 49-55, 30 N. E. 254, 28 Am. St. Rep. 548.

Part of the consideration paid by plaintiff having been invested in real estate, the title to which was in defendant, the court properly decreed that plaintiff was entitled to a lien thereon to the extent of his money invested therein and interest. No other question requires discussion.

The judgment should be affirmed, with costs. All concur.