(91 App. Div. 390.)

SIMON v. SUPREME COUNCIL AMERICAN LEGION OF HONOR.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. SETTLEMENT—FRAUD—BENEFIT INSURANCE—REDUCTION BY AMENDMENT OF BY-LAWS.

A settlement of a $5,000 claim on a mutual benefit insurance certificate, for $1,900, induced by the company's representation that it had enacted a by-law reducing the insurance in that proportion, when the company knew that the by-law had been held void by the Supreme Court, will be set aside as fraudulent.

Appeal from Trial Term, Kings County.

Action by Rosa Simon against the Supreme Council American Legion of Honor. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Henry A. Powell, for appellant.
George G. Reynolds, for respondent.

HIRSCHBERG, P. J. The plaintiff was entitled to the relief which the learned Special Term accorded to her. The judgment sets aside a settlement which she had made on June 1, 1901, of her claim against the defendant, which settlement was made upon a payment to her of only the sum of $1,900 under a certificate of membership in the defendant corporation issued to her husband for her benefit in the sum of $5,000, and also awards to her the recovery of the remainder, viz., the sum of $3,100, with interest and costs. There is no serious dispute that she would have been entitled to the full amount of the $5,000, under the terms of the certificate, but for an amendment to the by-laws made by the defendant after the certificate was issued; the real contention on the part of the defendant being that the settlement was valid and effectual, was free from fraud, in a legal sense, and that it could not lawfully be set aside.

The membership of the plaintiff's husband in the subordinate council of the defendant which he joined was consummated in June, 1883.

The amount named in his certificate of membership to be paid to the plaintiff, his beneficiary, at his death, was a sum not to exceed $5,000; and, as I have said, that sum would have been concededly payable to her, but for the amendment referred to. In the year 1900 the defendant amended its by-laws to the effect that thereafter there should not be paid upon the death of any member a sum in excess of $2,000; and it also in the same year adopted an additional amendment, providing for an emergency fund, on which there was charged against the plaintiff the sum of $100. The sum which the plaintiff was induced to take in settlement of her claim was such sum of $2,000, less the charge of $100 made in the creation of the emergency fund; and both amendments were adopted in assumed compliance with, and upon the assumed authority of, a provision in the membership certificate to the effect that the defendant would comply "in the future, with the laws, rules and regulations now governing the said council and fund, or that may hereafter be enacted by the supreme council to govern said council and fund."

The settlement was made by an agent of the defendant, acting on its behalf, and an agent of the plaintiff, acting under a power of attorney from her. The plaintiff's husband died in January, 1901, and the full amount of $5,000 was claimed on her behalf. The defendant's agent told her attorney that she had better take the $1,900, or she might get less, or nothing at all. Her attorney in fact testified:

"I took it for that reason, as the best thing to do at the time. He told me about there being a law that they had made, that there should not be more than two thousand dollars paid on any policy. He showed me a by-law that had reduced it, but I didn't know nothing about it before Mr. Simon died. * * * They showed me the the by-law. * * * They did not tell me anything that this by-law of theirs had been decided to be invalid; said nothing about that. Q. But they set that up as claiming to reduce it? A. That is all."

He further testified that the settlement was made in sole reliance upon the statement of the defendant's agent in reference to the existence and validity of the by-law.

It is undisputed that, before this settlement was effected, an action had been brought against the defendant by John Tracey Langan to have the amendment to the by-laws by which the amount payable upon the maturity of the certificate had been reduced declared null and void. The action was, in form, for damages for breach of contract, and resulted in a decision in Langan's favor in April, 1900. See Langan v. American Legion of Honor, 34 Misc. Rep. 629, 70 N. Y. Supp. 663. The judgment entered upon this decision was affirmed by this court in February, 1902 (69 App. Div. 616, 75 N. Y. Supp. 1127), but was afterwards reversed by the Court of Appeals (174 N. Y. 266, 66 N. E. 932), upon the ground that the remedy of the plaintiff was in equity, and not at law; but the principle that the amendment reducing the amount to be paid was wholly ineffectual to impair the vested rights of the beneficiary named in the certificate was affirmed. Judge Gray said (page 269, 174 N. Y., page 923, 66 N. E.):

"The action of the defendant in the attempted amendment of the by-law which was in force when the plaintiff joined the association and received his

certificate was wholly ineffectual to deprive him of any rights which had become vested. It was beyond the power of the defendant to affect the obligation expressed in the certificate, without the consent of its holder. Weber v. Supreme Tent of K. of M., 172 N. Y. 490 [65 N. E. 258, 92 Am. St. Rep. 753]. If, therefore, the amendment was void and inoperative, the contract of insurance remained unaltered and unimpaired."

It is thus apparent that the decision at the Trial Term in the Langan Case, made by Mr. Justice Gaynor in April, 1901, in so far as it declared the amendments in question void and inoperative, has been affirmed in both appellate courts.

In the recent case of Beach v. Supreme Tent K. of M., 177 N. Y. 100, 69 N. E. 281, the Court of Appeals has held that, even where the constitution of a fraternal or mutual benefit organization reserves the right to the society to amend the by-laws governing an endowment fund, a by-law passed in pursuance of the reservation will not be applicable to an existing member, in the absence of an explicit statement in the certificate itself that the payments therein specified would be subject to such modification as to amounts, terms, and conditions of payment as the endowment laws of the order from time to time might provide.

The learned counsel for the appellant contends that the defendant was under no legal obligation to inform the plaintiff or her attorney at the time of the settlement that the by-law in question had been declared by the Supreme Court of this state to be null and void. The soundness of the contention need not be determined. The defendant offered no evidence, and the proof made by the plaintiff left it undisputed that the decision in the Langan Case was served on the defendant's attorney in that action on May 2, 1901; that the judgment and notice of entry was served on him on May 4, 1901; and that each paper was mailed by him to the home office of the company, at Boston, Mass., on the day on which it was served. The necessary inference, in the absence of explanation or proof to the contrary, is that when the defendant insisted upon settling with the plaintiff on June 1, 1901, under the stress of the statement made by its agent that there was a law which it had made reducing the amount of the claim, it knew that that law had been as effectually annulled nearly a month before the time of the settlement by the action of the court as though it had been expressly repealed by the corporation itself. The case is not one of the suppression of facts, but of the actual assertion of what was known at the time to be untrue. It was not a mistake of law, but the assertion of a law which did not exist; and, as it was designed to, and did, induce the settlement, a proper case is presented for equitable relief. The effect of the misstatement was to induce the plaintiff, on concededly false premises, to give up to the defendant the larger part of her undoubtedly valid claim. As was said in Berry v. A. C. Ins. Co., 132 N. Y. 49, 54, 30 N. E. 254, 28 Am. St. Rep. 548:

"There is no question, of course, but that a court of equity cannot grant relief solely upon a mistake of law. But there was here more than a mistake. There was a surrender of legal rights, intentionally induced and procured by a false representation as to the law governing the case. The defendant must be presumed to have known that it was liable for the whole loss, and by falsely

representing that, under the law applicable to the case, the policy was void, when in fact it was valid, it induced the plaintiff to rely upon the superior knowledge that it possessed upon the subject, and to surrender to it his claim. This clearly constituted fraud, and there would be manifest injustice in upholding a settlement under such circumstances."

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.