C. DOUGLASS GREEN, Appellant, *v.* L. GABRIEL DES GARETS, Defendant, and FRANCIS WADDINGTON, Respondent.

Fraud — purchase of stock through fraudulent representations — when vendor liable though he took no part in negotiations.

A vendor who, having the power to repudiate a transaction, fraudulently negotiated by another, adopts, carries through and receives the benefit of the fraud, is liable in damages therefor, since in adopting and retaining a share of the product of the fraud, he adopts the agency and methods which brought it to a consummation.

*Green* v. *des Garets*, 146 App. Div. 956, reversed.

(Argued December 4, 1913; decided December 30, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 29, 1911, affirming a judgment in favor of defendant, respondent, entered upon a dismissal of the complaint as to him by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph G. Deane* and *Harry W. Acton* for appellant. Upon the pleadings a good cause of action was stated against the defendant Waddington. (*Jacqueline* v. *Morning Journal,* 39 App. Div. 515; *Cragin* v. *O'Connell,* 50 App. Div. 339; 169 N. Y. 573; *Cohu* v. *Husson,* 113 N. Y. 662; *Davidson* v. *White Plains,* 197 N. Y. 266; *Sage* v. *Culver,* 147 N. Y. 241; *Spies* v. *Michelsen,* 2 App. Div. 226; *Ketchum* v. *Van Duzen,* 11 App. Div. 332; *Kain* v. *Larkin,* 141 N. Y. 144; *Strang* v. *Bradner,* 114 U. S. 555; *Chester* v. *Dickerson,* 54 N. Y. 1; *Jones* v. *Jones,* 120 N. Y. 589.)

*Charles S. Aronstam* for respondent. The complaint does not state a cause of action against the defendant Waddington. (*Union National Bank* v. *Underhill,* 102 N. Y. 336; *Thayer* v. *Scheley,* 137 App. Div. 166; *Duryea* v. *Zimmerman,* 121 App. Div. 560.) The defendant Waddington cannot be held responsible for any of the acts of des Garets or Benjamin on the theory of partnership liability. (*Kirk* v. *Garrett,* 84 Md. 383; *Farrell* v. *Friedlander,* 63 Hun, 254; *Union Nat. Bank* v. *Underhill,* 102 N. Y. 336; *Strang* v. *Bradner,* 114 U. S. 555; *Chester* v. *Dickerson,* 54 N. Y. 413; *Schroeder* v. *Frey,* 12 N. Y. Supp. 625; *Irwin* v. *Willar,* 110 U. S. 499; *Marks* v. *Hastings,* 101 Ala. 165; *Moore* v. *Sykles,* 82 Pac. Rep. 799; *Reid* v. *Alaska Packing Co.,* 83 Pac. Rep. 139.)

COLLIN, J. The action is founded on an alleged deceit by false representations. At the trial, after the jury was

duly impaneled and sworn, the complaint was dismissed as to the defendant Waddington upon the ground that it failed to state a cause of action as to him. It, in its allegations, would have permitted evidence upon the part of the plaintiff that he purchased of Waddington and des Garets, the defendants, at the price of $25,000 paid by him to them, five hundred shares of the capital stock of a corporation, because of fraudulent representations made by des Garets, and thereby sustained substantial damages. It does not allege that the shares were owned jointly by the defendants, or that Waddington knew of the fraudulent representations or participated in the negotiations preceding the purchase and sale, or had authorized des Garets to make the sale. While the answer of the defendant Waddington, the admissions of which the trial court was bound to consider in determining the motion (*Davidson* v. *Village of White Plains,* 197 N. Y. 266), avers that the agreement of purchase and sale was made between the plaintiff and the defendants, who received from plaintiff the purchase price of $25,000 and delivered the shares of stock to him, it does not aid or, in effect, add, for the purpose of this discussion, to the allegations of the complaint.

In *Taylor* v. *Commercial Bank* (174 N. Y. 181, 188) Judge MARTIN expressed, with care and precision, the principle determinative of the question whether or not the complaint was erroneously dismissed, as follows: "It is an established principle of law that where a person acts for another who accepts the fruits of his efforts, the latter must be deemed to have adopted the methods employed, as he may not, even though innocent, receive the benefits and at the same time disclaim responsibility for the fraud by means of which they arose." The principle has been applied in many judicial decisions. (*Krumm* v. *Beach,* 96 N. Y. 398; *Jones* v. *Jones,* 120 N. Y, 589; *Fairchild* v. *McMahon,* 139 N. Y. 290; *Garner* v. *Man-*

*gam,* 93 N. Y. 642; *Miller* v. *Barber,* 66 N. Y. 558; *Chisholm* v. *Eisenhuth,* 69 App. Div. 134.)

The expression of the principle denotes the reasons which gave it existence. The deceit wrongs him subjected to it precisely as it would if the vendor himself had accomplished it. No just reason permits the vendee to be a loser by it. The vendor, who, having the power to repudiate the transaction, adopted and carried it through and received the benefits of the fraud, should be the loser. He in adopting and retaining a share of the product of the fraud adopts the agency and methods which brought it to a consummation.

The responsibility or liability of the defendants to the plaintiff for the full amount of the damages resulting from the deceit is joint and several. The case comes within the rule that in an action *ex delicto* against two or more persons the act complained of must be the joint act of all the defendants, either in fact or in legal intendment and effect. By intendment of law the defendants co-operated in the deceit — des Garets as a principal and Waddington by adopting the self-assumed agency of des Garets in his behalf. (*White* v. *Sawyer,* 16 Gray, 586.) Such liability of the defendants is not affected by the fact (if it be the fact) that the five hundred shares of stock and, therefore, the avails of the sale were not owned jointly by the defendants. The gist of the action is the fraud used by des Garets and adopted by Waddington inducing the plaintiff to purchase all the shares.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., HISCOCK, CHASE, CUDDEBACK and HOGAN, JJ., concur; MILLER, J., not sitting.

Judgment reversed, etc.