JURKINS v. PRATT.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

1. PRINCIPAL AND AGENT ⬅158—LIABILITY OF PRINCIPAL—FRAUDS OF AGENT.
   A principal is bound by the frauds of his agent while acting within the scope of his authority, and the authority to make fraudulent representations need not be express.

   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 589–598; Dec. Dig. ⬅158.]

2. PRINCIPAL AND AGENT ⬅171(1)—LIABILITY OF PRINCIPAL—PROCEEDS OF AGENCY.
   Where a principal accepted compensation for services rendered by his agent, he cannot escape liability for his agent's acts.

   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 644, 645, 653, 654; Dec. Dig. ⬅171(1).]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. PRINCIPAL AND AGENT ☞23(5)—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action where it was sought to hold defendant liable for the acts of another physician, evidence *held* to warrant a finding that defendant was the principal of the latter physician.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. ☞23(5).]

4. APPEAL AND ERROR ☞183—REVIEW—QUESTIONS REVIEWABLE.

In an action against a physician for fraud, the question whether the action should not have been brought for malpractice, instead of fraud, will not be determined on appeal, where not raised below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1161-1165; Dec. Dig. ☞183.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Rose Jurkins against W. Augustus Pratt. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Robert H. Elder, of New York City (Otho S. Bowling, of New York City, of counsel), for appellant.

Ferguson & Ferguson, of New York City (Leslie C. Ferguson, of New York City, of counsel), for respondent.

WHITAKER, J. The action is based upon fraud. Defendant is a physician, holding himself out as a specialist in the treatment of face disfigurements. Plaintiff's face is disfigured by "pock marks." On June 1, 1915, she went to defendant's office for treatment. She saw defendant there; also another man whose name she subsequently ascertained was Dr. Coates. She inquired for Dr. Pratt, and was informed he would return in a short time. Dr. Coates came into the room, and said he was Dr. Pratt. She did not discover that it was not Dr. Pratt that was treating her until some time after, when Dr. Coates called to the defendant, "Dr. Pratt, come over here and look at her face." Coates examined plaintiff's face, and said he could remove the "pock marks" very easily; that he had treated many people, and had never failed. He stated the treatment would hurt just a little. He said he would positively cure it. He said he would cure her in three months. Plaintiff believed all this to be true.

Plaintiff gave Coates $50. He took it in another room. The girl employed in the place brought plaintiff a receipt, signed with a rubber stamp, "Dr. Pratt—Face and Feature Specialists." Thereafter the treatment of plaintiff began, and continued to August. In August plaintiff went to the office and was informed Coates was away. Plaintiff was informed Dr. Pratt would take care of her. Defendant put her in a chair, examined her, and said, "You had better wait until Dr. Coates comes back, because he knows how far you went." He also assured her, "Don't worry; your face will be just as smooth as my own." In a few weeks Coates returned and continued the treatment, with bad results, until October, without benefit. Dr. O'Reilly, a witness for

plaintiff, testified as to the nature of "pock marks" and that they are incurable. The court nonsuited the plaintiff solely upon the ground that there was no proof that Dr. Coates was the agent of Dr. Pratt.

[1] A principal is bound by the frauds of his agent, while acting within the scope of his authority, and the authority to make fraudulent representations need not be expressly given. Taylor v. Commercial Bank, 174 N. Y. 181, 66 N. E. 726, 62 L. R. A. 783, 95 Am. St. Rep. 564; Green v. Des Garets, 210 N. Y. 79, 103 N. E. 964.

[2, 3] I think there was ample evidence upon which to go to the jury upon the question of whether Coates was acting for the defendant Pratt. The evidence indicates that Pratt received the money for the treatment, the receipts therefor being given in his name. Pratt accepted payment for the services rendered by Coates, and must be deemed to have adopted the methods employed by him. He could not enjoy the benefits, and at the same time disclaim responsibility for the methods employed in obtaining such benefits.

[4] There is a question, however, as to whether actual fraud was sufficiently proved, or whether the action should not have been for malpractice. This question was not alluded to by the court in its disposition of the case, and has not been discussed by the appellant in his brief. For this reason we have refrained from discussing the question upon this appeal.

The judgment should be reversed. and a new trial ordered, with $30 costs to the appellant to abide the event. All concur.