GRACE M. INMAN, Plaintiff, *v.* MERCHANTS MUTUAL CASUALTY COMPANY et al., Defendants.

Supreme Court, Special Term, Tompkins County, October 29, 1947.

*John Lo Pinto* for plaintiff.

*Louis K. Thaler* for defendants.

Coon, J. In this rather unusual action plaintiff sues the automobile liability insurance carrier and its agent-adjuster for fraud, alleging that the defendants, by means of false representations, procured the plaintiff's release of a cause of action which she had against Richard Bradshaw, the assured. The original cause of action, which the plaintiff claims she was fraudulently induced to compromise, was an action for the wrongful death of her son, Earl W. Inman (she being the sole next of kin) in an automobile collision involving the car owned by said Richard Bradshaw, the assured, and driven, allegedly with his consent, by William Bradshaw.

The plaintiff moves under rule 103 of the Rules of Civil Practice to strike from the answer the following allegations: (1) " and there has been no offer by the plaintiff to either of the defendants to return said consideration; " (2) " that the cause of action, if any, is against Richard Bradshaw and/or

William Bradshaw ''; (3) '' That there is a nonjoinder of party or parties defendant ''.

The defendants move in a cross motion for the dismissal of the complaint.

A discussion of the complaint will indicate the' reasoning which disposes of both motions.

In general, the principal contentions of the defendants are that a valid cause of action against the Bradshaws must be first established as a condition precedent to any liability on the part of the defendants; that, therefore, the Bradshaws must be parties, and that such a cause of action has been released.

At the outset it must be borne in mind that this is not an action in negligence for the wrongful death; it is not an action against the defendants as *indemnitors* of the Bradshaws, but is an action against the defendants for their own fraud perpetrated upon the plaintiff directly. Although the validity of the plaintiff's original claim against the Bradshaws may have to be established and, its validity being denied, will have to be litigated to establish the plaintiff's damage, it does not follow that it must be litigated in advance or separately, or that it cannot be litigated in this action, any more than the damages in any case would have to be litigated in advance when they are dependent upon some contingency.

The complaint alleges facts which set forth a valid cause of action in negligence against the Bradshaws for the wrongful death of Earl W. Inman which the plaintiff owned and, through a representative, could have collected. It then alleges that by means of false and fraudulent representations' made by the defendants, upon which the plaintiff relied, a release of such cause of action was procured by the defendants from the plaintiff for the sum of $400, and that as a result the plaintiff sustained damage.

It is well established that where a release of a cause of action is procured by fraud, the defrauded party may pursue any one of three remedies: (1) he may return the consideration paid for the release, thereby rescinding the transaction; (2) he may sue *for* a rescission and offer to return the consideration; (3) he may retain the consideration and sue at law for his damages. (*Goldsmith* v. *National Container Corp.*, 287 N. Y. 438; *Gould* v. *Cayuga County Nat. Bank,* 99 N. Y. 333; *Urtz* v. *New York Central & H. R. R. R. Co.,* 137 App. Div. 404.) The plaintiff has elected to pursue the third remedy. It is not claimed that *this* cause of action has been released. No tender or offer to return is necessary as a basis for such an action. The very

essence of the cause of action is the affirmance of the compromise and the effective and complete release of the Bradshaws for a lesser sum than the plaintiff would have received were it not for the fraud.

It is unnecessary to discuss in detail the alleged misrepresentations made by the defendant Johnson. The allegations of false representations of nonliability on the part of the Bradshaws and the worthlessness of the plaintiff's claim, and other kindred representations alleged to be false, have been held to be sufficient as a basis for a fraud action. (*Young* v. *New York State Elec. & Gas Corp.*, 184 Misc. 1013, affd. 270 App. Div. 794; *Berry* v. *A. C. Ins. Co.*, 132 N. Y. 49.) By accepting the fruits of the alleged fraud of the adjuster, the defendant company rendered itself liable for the fraud. (*Young* v. *New York State Elec. & Gas Corp., supra*; *Green* v. *des Garets,* 210 N. Y. 79.)

The Bradshaws are not essential parties defendant. The plaintiff is not seeking to recover for their negligence. She seeks no recovery from them. She seeks to recover for a direct wrong perpetrated by the defendants upon her. Although the defendants were acting as the agents of the Bradshaws in obtaining the alleged fraudulent release, the plaintiff may properly elect to sue only the defendants. Fraud, being a tort, imposes a joint and several liability.

The fact that in all of the cited cases the party primarily liable upon the claim released is either the sole defendant or is joined with the insurer is of no consequence. No case is cited, and I find none, which requires that the party originally liable upon the claim released be a party defendant as an essential to a cause of action against the party fraudulently procuring the release. Of course, it is natural that in the vast majority of the cases the party accused of fraud in obtaining a release is identical with the party against whom the original claim was made. The fact that this is not so in the instant case does not alter the principles involved. It seems no different in principle than a case where one person fraudulently procures the assignment of a negotiable bond from another. To recover for the fraud practiced upon him, the party defrauded would not be obliged to join as a defendant the original obligor on the bond, although he would be obliged, as in this case, to establish that the bond was a valid obligation of a value which would demonstrate damage.

The contention of the defendants that in establishing the validity of the plaintiff's claim of negligence against the Brad-

shaws the question of insurance would be improperly brought into the case is without merit. The plaintiff is not seeking to hold the defendants as indemnitors whose liability is dependent solely upon the liability of the Bradshaws. The plaintiff seeks to recover from the defendants for an active wrong of their own. The fact that an issue of negligence may have to be tried to establish damages, as a collateral part of this litigation, should certainly render the defendants no immunity from their fraud.

The complaint follows closely the principles adopted in the leading cases of *Gould* v. *Cayuga County Nat. Bank* (99 N. Y. 333, *supra*) and *Urtz* v. *New York Central & H. R. R. R. Co.* (137 App. Div. 404, *supra*), and alleges facts which, if established, would justify a finding: (1) That the plaintiff owned a valid claim against the Bradshaws worth more than $400. (2) That she was fraudulently induced to release it for $400; and relying upon fraudulent representations did release it for that sum. (3) That she would reasonably have realized more than $400 from the claim, or the compromise thereof, had there been no fraud. This would permit a recovery under the principles of the *Gould* and *Urtz* cases. I am not unmindful that a recovery in a subsequent trial in the *Urtz* case was reversed (202 N. Y. 170) for an error in the charge of the trial court, but the principles remain. Here the allegations of the complaint are broad enough to overcome even the objections of the Court of Appeals to the charge in the *Urtz* case, because it alleges a *valid* cause of action against the Bradshaws. The possible difficulties of proof or the difficulties of a jury in the ascertainment of damages are of no concern on this motion addressed to the pleadings.

It follows from the foregoing that the allegations sought to be stricken from the answer do not constitute a defense. They may or may not be harmless. But they are unnecessary and constitute neither a complete nor a partial defense and are, therefore, improperly contained in the answer.

The plaintiff's motion to strike out these allegations is granted, and the defendants' motion to dismiss the complaint is denied, with $10 costs.