THOMAS NELSON, Appellant, *v.* EDWARD S. HATCH, Respondent,
Impleaded with LYMAN E. WARREN.

*Contract — restoration of benefits received thereunder where an action is brought to
rescind it — not necessary where the action is for damages for its breach — nature
of the action, considered.*

Where a firm of attorneys, engaged in prosecuting an action, under an agreement
with its client that the firm shall pay the expenses of the litigation and receive
thirty per cent of the proceeds, enters into a contract with a third person, by
which the latter agrees, in consideration of the transfer to him of a certain share
of such proceeds, to pay certain expenses incident to the litigation, and the firm
subsequently notifies its client that the contract between them is "terminated
and ended," the third party, as a condition precedent to the maintenance of an
action against the firm to rescind his contract with it, must, in the absence of
fraud, restore, or offer to restore, the benefits received by him under the
contract.

If the action is brought to recover damages for a breach of the contract, the third
party is not obliged to restore, or to offer to restore, anything.

What allegations in the complaint indicate that the action is brought to recover
damages for the breach of the contract, and not to rescind it, considered.

APPEAL by the plaintiff, Thomas Nelson, from a judgment of the
Supreme Court in favor of the defendant Edward S. Hatch,
entered in the office of the clerk of the county of New York on the
18th day of May, 1899, upon the report of a referee.

Lilyon B. Daniels brought an action against William B. Daniels
in the County Court of Arapahoe county, in the State of Colorado,
to annul a decree of divorce which she alleged was obtained by him
against her by fraud. Owing to the death of Mr. Daniels that suit
abated, and early in 1891 she commenced an action in equity in the
United States District Court for the district of Colorado, against
W. C. Daniels, son and principal legatee of her husband, and against
the executors and trustees of her said husband's estate, seeking to
recover as his surviving widow one-half of his estate, valued at
upwards of $2,000,000.

By an agreement between her and the firm of Hatch & Warren,
these defendants, dated February 20, 1891, these facts are recited,
and also that she desired to obtain the personal services of Lyman
E. Warren; that she has no means to pay expenses and disburse-
ments of counsel and witnesses necessary for the proper conduct of
said litigation, and she assigns thirty per cent of her alleged claims

to the firm of Hatch & Warren, who are attorneys and counselors of the Supreme Court of the State of New York, and appoints Lyman E. Warren of such firm her attorney therein, with limitation upon his authority to compromise the claim.

In consideration of this agreement Hatch & Warren agreed to prosecute said claim with diligence and dispatch; furnish the personal services and best efforts and skill of Lyman E. Warren, as her attorney when necessary, wheresoever required, for such periods as should be necessary fully to complete the object and terms of the said agreement. The contract also provides that the firm of Hatch & Warren shall, in consideration of the agreement, advance and pay all moneys necessary for the purpose of carrying out the contract, and assume and make provision for obtaining the money so long as they continue the prosecution of the case, and exonerates Mrs. Daniels from any and all such payments or advances so made by Hatch & Warren. Disbursements are defined in the contract to mean and include railroad bills, hotel bills, moneys advanced to witnesses or counsel and all expenses in any way connected with the prosecution of the claim. Hatch & Warren were to have the right to withdraw from the agreement; in which event they were to have a lien upon the interest of Mrs. Daniels in her said husband's estate, to the extent of the disbursements made by them in performance of the contract.

On the 27th day of February, 1891, Hatch & Warren, as such attorneys at law and as partners, as parties of the first part, made an agreement with Thomas Nelson, the plaintiff herein, as party of the second part, by which, after reciting that Hatch & Warren had made an agreement to render services and obtain the necessary money for the performance thereof — a copy of which agreement was annexed to and made a part of said agreement — and that Hatch & Warren had agreed to transfer to second party, Nelson, a certain share of their said contract with Mrs. Daniels, in consideration of which Nelson had agreed to pay certain sums for the purpose of enabling them to carry out said contract, and for the purpose of paying expenses and disbursements to be incurred in the execution thereof, it was therein agreed that Nelson should pay certain sums as follows: On or before the 1st day of March, 1891, $3,000; on or before April 15, 1891, $1,000; on or before May 15,

1891, $1,000, and such other sums as may be desired by parties of the first part not to exceed $5,000 more; to be drawn in sums not to exceed $1,000 each; the first $1,000 not to be required before June 25, 1891, and the remaining several sums of $1,000 not to be payable until after thirty days' written notice to said Nelson; and, in consideration of such payments being made as before stated, the parties of the first part transfer to said Nelson an undivided one-half interest in the contract with Mrs. Daniels, and of any and all money and property that they may derive or receive under said contract, except disbursements.

Plaintiff advanced to said Hatch & Warren upon said contract up to October 1, 1891, sums of money aggregating $7,000. This money was turned over to Mr. Hatch. On the 14th day of October, 1891, plaintiff received notice of that date, signed Hatch & Warren, written by Hatch, requiring another payment to be made on the agreement on or before November 14, 1891. Nelson was informed by Mr. Warren, with whom his interviews and negotiations had been had, who told him that the money was not needed, and that he need not pay any more until he heard from him. Subsequently a communication written by Hatch, and signed Hatch & Warren, was received by plaintiff which stated that, because of his failure to pay the $1,000 due on the 14th of November, 1891, Hatch & Warren claim that "the otherwise provided assignment mentioned in said agreement" of February 27, 1891, has become void and of no further effect. On receiving this, plaintiff went to the office of defendants, showed Warren the communication and asked him what it meant. In response to which Warren told him to give himself no uneasiness about the matter; that he was all right; that there was no necessity for any other payments, and that he could rest easy upon that subject. No subsequent demand was made upon the plaintiff.

The claim of Mrs. Daniels against her husband's estate was never prosecuted to judgment by the defendants, it is claimed principally because Hatch & Warren failed and refused to furnish the necessary funds to meet disbursements. By letter on September 29, 1892, the defendant Warren notified Mrs. Daniels that the firm of Hatch & Warren had been dissolved, and that he withdrew from the provisions of the contract made between Hatch & Warren and herself, and "declare the same terminated and ended."

Mrs. Daniels immediately thereafter notified Hatch & Warren that their contract with her was at an end, and they must no longer meddle with her affairs. Thereafter the plaintiff addressed a communication to the defendants alleging their failure to carry out the contract with Mrs. Daniels, and demanding that they should pay back the moneys received from him. To this Hatch replied, stating, among other things, that Hatch & Warren had never refused to pay necessary expenses for the prosecution of Mrs. Daniels' claim, but had always performed and been ready to perform their contract with her and with plaintiff.

At the close of the plaintiff's case the defendant moved for a dismissal of the complaint, which was denied, but after hearing all the testimony, judgment was directed dismissing the complaint, with costs.

*Thomas Darlington,* for the appellant.

*William C. Trull,* for the respondent.

HATCH, J.:

The learned referee in making disposition of this case seems to have proceeded upon the ground that the action was one for a rescission of the contract, and that the same could not be maintained as the plaintiff had not restored or offered to restore the benefits which he took under his contract with the defendants, and upon the faith of which he advanced the money. It must be conceded that, if the action was to rescind the contract, it was incumbent upon the plaintiff, in the absence of fraud, as a condition precedent to its maintenance, to have made restoration of benefits received or an offer to restore the benefits. In order for the plaintiff to avail himself of an offer to restore he must have pleaded his ability and willingness to restore, and made such offer good by compliance with it upon the trial; otherwise it would be unavailing. (*Gould* v. *Cayuga Co. Nat. Bank,* 99 N. Y. 333.)

Such an action is in its nature an equitable action, and the demand is properly made for equitable relief. Here no such offer was pleaded, and there was in fact no restoration of benefits, so that if it be material to the cause of the action the plaintiff must fail. If, however, the plaintiff took nothing of benefit under his contract, then the rule which requires a restoration of benefits would have no

application, as there would be nothing which could operate to the disadvantage of the defendants or change their status by such failure. The reason for the rule rests upon the fact that, where a rescission is sought, the parties are entitled to be placed in the same position, so far as they have parted with value, as they were in when the contract was made. The only exception to this rule is where fraud has been practiced and the action is based thereon. (*Cox* v. *Stokes,* 156 N. Y. 492; *Kley* v. *Healy,* 127 id. 555; *Martin* v. *Home Bank,* 160 id. 190.)

It will be a task of some difficulty to find where the plaintiff took any benefit, or the defendants parted with value, under this contract. The interest which was assigned to the plaintiff by the terms of his contract with the defendants was dependent upon the fulfillment of the contract between the defendants and Mrs. Daniels. It is established that the defendants never performed the contract and never became entitled to any money or property thereunder. There was no privity of contract between the plaintiff and Mrs. Daniels, so that he never acquired any right as against her, and she expressly repudiated her contract with the defendants and refused to be bound by it. In what the benefits consisted which the plaintiff received and could restore is most hazy. A reassignment of the interest which the plaintiff took under his contract would carry nothing with it if there was no interest which it could operate upon, and if nothing could pass by it then it would be an idle ceremony to execute it.

Aside from this question, and assuming for present purposes that there was something to restore, we are of opinion that the learned referee misconceived the character of the action. Instead of being an equitable action to rescind the contract and recover the sums of money paid thereunder, it seems to be an action at law to recover damages for a breach of the contract. The averments of the complaint, we think, make this plain. It first sets out that a contract was made between the defendants and Mrs. Daniels, giving in substance its terms, and then avers that, for the purpose of carrying out such contract, the contract was made which is the subject of this action, and further avers its terms and the advancement of money thereunder. It then avers that the defendants abandoned their contract with Mrs. Daniels, refused to perform the same and

that the contract has been annulled; that by reason of such abandonment the plaintiff has been deprived of all interest therein by virtue of his contract, on account of which he has been damaged in the sum of $7,000, for which sum with interest he demands judgment. There is nothing in these averments which show that the plaintiff seeks to rescind or annul his contract. On the contrary, he avers facts that make it appear that the defendants have made it impossible for them to perform their contract with him, and that by reason of such fact he has been damaged.

This constitutes the action one for a breach of a contract, and for its maintenance the plaintiff was not called upon to restore or offer to restore anything. So far as the present record is concerned, it is quite clear that the evidence would justify a finding that there was a breach of the contract upon the part of the defendants occasioned by the fact of their abandonment of the contract with Mrs. Daniels, by the performance of which alone could the plaintiff hope to take any benefit under his contract. Such fact would furnish ground for finding a breach of the conditions of the plaintiff's contract. By the course adopted by the learned referee, the plaintiff has been deprived of a consideration of this question and of the evidence bearing thereon. We are not presently concerned with the question as to whether the abandonment of the contract with Mrs. Daniels was in furtherance of a scheme on the part of Mr. Warren and others to deprive Mr. Hatch of the benefits to be derived therefrom or not. If such be the fact, it would not excuse either for a failure to fulfill the contract which they made with the plaintiff.

For redress of this matter, if there exists ground therefor, Mr. Hatch must be remitted to his remedies against the parties who have worked the wrong. It furnishes no defense to this action unless the plaintiff be a party thereto, but of such fact there does not appear to be any claim.

For these reasons we think the judgment should be reversed and a new trial granted before another referee, with costs and disbursements to the appellant to abide the event.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial granted before another referee, costs to appellant to abide event.