## ANISANSEL v. COGGESHALL et al.

(Supreme Court, Appellate Division, First Department. May 22, 1903.)

1. MECHANICS' LIENS—SUBCONTRACTORS—RIGHT TO INSTALLMENTS—PLEADING—
   DEMURRER.

   Where, in an action to establish a mechanic's lien by a subcontractor, the complaint alleged that the mechanic's lien was filed and served on April 10, 1902, and that at that time the contractor had so far performed the work as to be entitled to an installment of $1,082.77, which was then owing from the owner to the contractor, and from the contractor to such subcontractor, a paragraph of the answer charging, by way of equitable set-off and counterclaim, that, by reason of the contractor's failure to complete the work as required by the contract, defendant had sustained damages in excess of $600, etc., was demurrable for failure to allege that such damages arose or existed at the time the lien was filed.

   Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Arthur Anisansel against Josephine H. Coggeshall and others. From a judgment overruling plaintiff's demurrer to a paragraph of defendant Coggeshall's answer, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Nathan G. Goldberger, for appellant.
E. S. Booth, for respondent.

LAUGHLIN, J. This is an action to foreclose a mechanic's lien. Defendant Josephine H. Coggeshall owned the premises known as No. 1 East Fortieth street, in the borough of Manhattan, N. Y. She contracted with the Jones Construction Company for doing certain plumbing work, and furnishing materials incident thereto, in the alteration and repair of the building upon these premises; and the agreement provided that the contractor should be paid in installments as the work progressed, the particular stages of the work of which the several installments should become due and payable being specified, and the balance or final installment to be paid upon completion of the work. The construction company sublet the contract for this work to M. Abbott's Sons, and agreed to pay them in like installments as the work progressed; and the latter sublet the work, including all extra plumbing work that might be required, to one Tracy, for the gross sum of $1,171.26. The complaint alleges that Tracy fully performed and completed this work, including the extra work, on or about the 18th day of March, 1902, and that the work was done and the materials were furnished with the knowledge and consent of the owner and of the construction company; that he duly filed and served a mechanic's lien therefor, in the form and manner required by law, on the 10th day of April, 1902; that thereafter, and prior to the commencement of the action, he duly assigned his right, title, and interest in and to the lien, and the claim upon which the same was based, to the plaintiff, which assignment was duly filed; that the claim has not been paid, and that the lien remains in full force; that at the time of the filing of the lien the construction company, under its contract with the owner, had so far performed and

completed the work as to become entitled to an installment payment of $1,082.77, which was then due and owing to it by the owner, and due and owing from the construction company to M. Abbott's Sons, on account of the plumbing contract work and extra plumbing work. These allegations of the complaint are put in issue by the answer, but not by that part of the answer to which the demurrer relates. The seventh subdivision or paragraph of the answer to which the demurrer relates is as follows:

"Seventh. For a further defense, and by way of counterclaim and equitable set-off, this defendant alleges that the said defendant the Jones Construction Company failed to complete the work required by her said contract with said company, mentioned in the complaint herein, in the manner and within the time therein specified, whereby this defendant was deprived of the use of her said premises for a long period of time, to her damages in an amount largely in excess of $600, but that on the settlement aforesaid with the said defendant the Jones Construction Company said damages were compromised, adjusted, and allowed by and between this defendant and the said the Jones Construction Company, the sum of $600."

The demurrer is upon the ground that it appears upon the face of that part of the answer demurred to that the same does not state facts sufficient to constitute a defense or counterclaim or equitable set-off. Under a well-settled rule, the other parts of the answer containing denials cannot be considered for the purpose of determining the sufficiency or validity of the defense to which the demurrer relates, and the allegations of the complaint are therefore deemed admitted. If the answer showed that this counterclaim or partial defense existed at the time the lien was filed, the demurrer could not be sustained, but we do not think it does. It being conceded that the installments specified in the complaint had become due and owing from the owner to the construction company, and from the latter to its subcontractor, and by the latter to the plaintiff's assignor, at the time the lien was filed, we think the fair construction of the allegations in the seventh subdivision or paragraph of the answer, relating to the partial or equitable defense or counterclaim, is that it arose subsequently through the failure of the construction company to complete the work in the manner and within the time required. While it would, therefore, be a partial defense or counterclaim against the final payment, or against any installment falling due after it arose, the rights of the plaintiff's assignor accruing at the time of filing the lien, and the amount specified being then due and owing by the owner, under the contract, the rights of the plaintiff's assignor and of the plaintiff could not be affected by a subsequent breach of the contract on the part of the construction company. It will be observed that, upon these facts, if the defense or counterclaim to which the demurrer relates refers to matters occurring after the installment became due from the owner to the construction company, the rule that a subcontractor, by filing a lien, acquired no greater right than the contractor, and that the owner's liability cannot be increased by the filing of liens by subcontractors, is not infringed. The construction company itself could have refused to proceed with the work unless the owner paid this installment at that time, and the owner could not have justified withholding payment on any theory that the

construction company might not subsequently fulfill the uncompleted part of the contract. Consequently, the installment having become due and owing from the owner to the construction company, it might have been assigned for value; and a subsequent violation of the contract by the construction company would have been no defense to an action by the assignee of the installment. The lienor, by vir-. tue of the statute, succeeded, to the extent of his claim, to the accrued rights of the construction company as fully and effectually as would an assignee of the installment then due. The lien therefore attached to the installment due, and could not be defeated or affected by a subsequent breach of contract on the part of the construction company. Foshay et al. v. Robinson et al., 137 N. Y. 134, 32 N. E. 1041; Van Clief et al. v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017.

It follows, therefore, that that part of the interlocutory judgment from which the appeal is taken should be reversed, with costs, and the demurrer sustained, with costs, but with leave to the defendant to amend upon payment of the costs of the appeal and of the demurrer. All concur, except INGRAHAM, J., who dissents.