## CITY OF IRONWOOD v. WICKES et al.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. CITY BONDS—SALE—RESCISSION—RECEIVER.

Where a firm purchased bonds from a city, and after dissolution their receiver, by counterclaim in an action, sought the rescission of the contract of purchase and the recovery of the portion of the purchase price paid, he represented the firm, and occupied the same position they would have done had they brought the action.

2. SAME—RETURN OF BONDS.

Party purchasing bonds from a city is not entitled to a rescission of the contract of purchase and recovery of the portion of the purchase price paid, unless he restores all the bonds delivered to him, or is willing and able to do so, regardless of the amount sought to be recovered, or what proportion of the bonds he is willing to return.

3. SAME—VALIDITY—CONCLUSIVENESS OF JUDGMENT.

An adjudication that a part of an issue of bonds by a city was invalid does not annul other bonds of the same issue, sold to other parties, the adjudication binding only the parties to the action.

Appeal from Special Term, New York County.

Action by the city of Ironwood against Thomas P. Wickes, receiver, and others. From a judgment dismissing the counterclaim of defendant Wickes, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

George C. Lay, for appellant.

Lewis L. Delafield, for respondent.

McLAUGHLIN, J. This appeal is from a judgment dismissing a counterclaim after trial before a referee. There is no dispute as to the facts, which, so far as material, are substantially as follows: In October, 1893, the firm of Coffin & Stanton, brokers doing business in the city of New York, purchased for $145,275 from the city of Ironwood, a municipal corporation organized under the laws of the state of Michigan, its bonds of the par value of $150,000. $25,000 of the purchase price was paid to the city at the time the bonds were delivered, and the balance agreed to be thereafter paid in installments at different times between the delivery and the 15th of May, 1894. Coffin & Stanton having defaulted in the payment of all of the installments, on the 19th of September, 1894, this action was brought against them to rescind the sale and recover possession of the bonds. The plaintiff alleged a tender to Coffin & Stanton, prior to the commencement of the action, of the sum of $30,000; a demand for the return of the bonds, and the refusal of Coffin & Stanton to comply therewith. On the 3d of October, 1894, Coffin & Stanton interposed an answer, in which they denied that at the time the action was commenced any of the bonds were in their possession. On the day following, in an action brought by Stanton for the dissolution of the firm of Coffin & Stanton in the United States Circuit Court for the Southern District of New York, one Erb was appointed receiver of all the assets of that firm, and he continued to act as such until the 12th of July, 1896, when he resigned, and the appellant, Wickes, was duly appointed in his

place.  In February, 1897, Wickes, as receiver, by leave of the court, intervened in this action, and served an answer, in which he sought, by way of counterclaim, to recover from the city the $25,000 paid to it by Coffin & Stanton at the time the bonds were delivered, upon the ground, among others, that it had been determined in an action brought by the Manhattan Company in the Circuit Court of the United States for the Western District of Michigan against the city of Ironwood that the bonds referred to were invalid and of no effect.  The city for some reason failed to reply to the counterclaim within the statutory time, and by reason thereof Wickes obtained a judgment for the amount claimed.  Subsequently the city applied for leave to open the default and serve a reply, which was denied, if, within 90 days from the date of the order, the receiver should tender to the city all of the bonds, with the coupons attached, referred to in the complaint; otherwise the motion was granted upon certain conditions.  The receiver did not tender the bonds within the 90 days, and the plaintiff thereupon, complying with the conditions named, interposed a reply, in which it alleged that prior to the commencement of the action it offered to pay to Coffin & Stanton whatever sum that firm was equitably entitled to upon the return to it of the bonds in question; that Coffin & Stanton did not return such bonds, and they were unable to do so then and at the time the receiver was appointed, inasmuch as they had sold and disposed of all of them to numerous persons and corporations who owned or were the holders of the same for value, and that the receiver never owned the said bonds, or became entitled to their possession or control.  It also alleged that, as against the present holders of the bonds, and any claims that might be asserted by them to recover any portion of the sum paid on account of the purchase price, it had a good defense.  Subsequently certain holders of the bonds applied for leave to intervene in the action.  The application, opposed by both the plaintiff and receiver, was denied, and no appeal was taken from the order.

At the trial the plaintiff proved that at the time the action was commenced and the receiver appointed Coffin & Stanton had sold or disposed for value of all of the bonds referred to in the complaint.  Having made this proof, it consented to a nonsuit.  The receiver thereupon proved the material facts set up in his counterclaim—i. e., the payment of the $25,000 by Coffin & Stanton to the plaintiff; the use by it to pay an antecedent indebtedness; his appointment as receiver of that firm; the judgment rendered in the action brought by the Manhattan Company of the city of New York against the city of Ironwood in the Circuit Court of the United States for the Western District of Michigan, in which it had been determined that certain of the bonds referred to in the complaint were invalid, and the affirmance of the judgment on appeal to the Circuit Court of Appeals for the Sixth Circuit.  74 Fed. 535, 20 C. C. A. 642.  He also produced and offered to surrender to the plaintiff said bonds of the par value of $132,000, with coupons attached, and to release it of and from all claims with reference thereto, provided judgment was rendered in his favor on his counterclaim; and in connection with such offer proved an agreement, and an order of the Circuit Court of the United States approving it, entered

into on the 16th day of January, 1903, between himself and the trustee of the holders or owners of such bonds, authorizing him to make such offer and execute such release on the conditions specified by him.   During the course of the trial it also appeared that the balance of the bonds delivered to Coffin & Stanton of the par value of $18,000 were held $3,000 by Dudley P. Ely and $15,000 by the town of Greenburg, and that the receiver had endeavored, but had been unable, to procure possession thereof.

Upon the foregoing facts the referee reached the conclusion, as appears from his report and the opinion delivered, that the right of action, if any, to recover the consideration paid by Coffin & Stanton, passed to and was vested in the persons to whom such bonds were sold or pledged prior to the appointment of the receiver of that firm; that the receiver took no title to such cause of action; that the agreement with the trustee of bondholders representing bonds of the par value of $132,000 was ineffectual to vest in the receiver any right to recover; and he thereupon dismissed the complaint and the counterclaim, without costs.

I think the judgment appealed from should be affirmed, but not for the reasons assigned by the referee in granting it.   If the receiver had been rightfully in possession of, and had surrendered at the trial, all the bonds delivered to Coffin & Stanton, then, it seems to me, he would have been entitled to a judgment establishing his counterclaim. The action on the counterclaim was, in effect, one for a rescission of the contract between Coffin & Stanton and the city of Ironwood, and to recover from the latter the $25,000 paid to it for money had and received.   The receiver represented Coffin & Stanton, and occupied precisely the same position they would have occupied had they brought an action to recover this money.   They could not have recovered without returning to the city all—not a part—of the bonds received.   In every action to rescind a contract it is incumbent upon the party seeking to rescind, in the absence of fraud, as a condition precedent to the right to the relief asked, to have made restoration of the benefits received, or else, upon the trial, to offer to restore such benefits. Where such restoration has not been made prior to the commencement of an action, then willingness and ability to restore must be alleged, and such allegation complied with at the trial.   Gould v. Cayuga County National Bank, 99 N. Y. 333, 2 N. E. 16; Nelson v. Hatch, 56 App. Div. 149, 67 N. Y. Supp. 570.   Here there is no allegation in the counterclaim to the effect that the receiver had either the willingness or ability to return all of the bonds delivered to Coffin & Stanton. This, however, was obviated by the reply, inasmuch as this omission in the pleading of the receiver was expressly waived.   But the city did not waive the defense that all of the bonds must be produced and surrendered at the trial; on the contrary, it alleged that the receiver did not have the ability to do so, inasmuch as the bonds were not owned or held by him.   This fact was established at the trial, where it appeared, and was uncontradicted, that there were bonds of the par value of $18,000 which were then owned by others, and of which the receiver conceded his inability to obtain possession.   This being so, he was not, upon any principle of which I am aware, entitled to a judgment.   The

purchase of the bonds and the payment of the money were one transaction, and, in order to recover the money paid, all of the bonds delivered must be returned.   Part could not be returned and a proportionate recovery had therefor.   Coffin & Stanton could not have recovered what they paid, and at the same time retained, either in whole or in part, what they had received.   A rescission cannot be had where a benefit is retained.   It is no answer to this suggestion that it has been determined in the action brought by the Manhattan Company against the city of Ironwood that the bonds involved in that action were invalid.   This determination was binding only upon the parties to that action, and did not legally affect the bonds held by others.   The owners of the $18,000 of bonds referred to were not, so far as appears, parties to that action, and therefore were not affected by it.   These bonds are outstanding obligations of the city, and before it can be required to return the money received from Coffin & Stanton it is entitled to have them, with all of the others, returned.

I am therefore of the opinion that the judgment appealed from should be affirmed, with costs.   All concur; VAN BRUNT, P. J., in result.