(120 App. Div. 168)

## OUTCAULT et al. v. BONHEUR.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

**1. PLEADING—ANSWER—AFFIRMATIVE DEFENSES.**

A defense which is separately pleaded as a distinct one must be complete in itself, and contain all that is necessary to answer the whole cause of action or so much thereof as it purports to answer; and it cannot be aided by a resort to other parts of the answer to which it contains no reference in terms or by necessary implication.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 193.]

**2. CONTRACTS—PLEADING—DEFENSES.**

In an action against a trustee in bankruptcy on a contract whereby plaintiff gave the bankrupt a license to produce a certain play in consideration of royalties, and under which the trustee had produced the play, the answer contained a separate and distinct defense and counterclaim to the effect that plaintiff was not the owner of the play, but that it belonged to another, and that the bankrupt had been induced to enter into the contract by plaintiff's representations as to its ownership. *Held*, that the defense was demurrable for failing to show that, on discovery of the fraud, the bankrupt or defendant returned or of-

fered to return the manuscript, etc., or gave plaintiff any notice of election to disaffirm the contract, and because neither the bankrupt nor his trustee, while producing the play under the license, could question plaintiff's right to receive the royalties.

Action by Richard F. Outcault and another against Lucien L. Bonheur, individually. and as trustee in bankruptcy of Melville B. Raymond, and others. Appeal by plaintiffs from an interlocutory judgment overruling a demurrer to a defense and counterclaim. Reversed.     •

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Nathan Burkan, for appellants.

McLAUGHLIN, J. This action is brought to recover about $800 royalties alleged to be due the plaintiffs under an agreement with one Raymond, by which he was given the exclusive license to produce a certain play in the United States and Canada, and furnished for that purpose "the manuscripts, scores, music, musical numbers, music parts, and orchestrations" of such play. According to the allegations of the complaint, Bonheur, after he was appointed trustee in bankruptcy of Raymond, acting under such agreement, produced the play, and thereupon became obligated to pay royalties to the amount for which judgment is demanded. The amended answer denies the material allegations of the complaint, except the appointment of Bonheur as trustee in bankruptcy of Raymond, and then as a separate and distinct defense, and as a counterclaim, alleges, in substance, the appointment of the defendant as trustee, and that prior to such appointment Raymond was engaged in producing the play referred to in the complaint at the time and places therein stated and under the agreement therein referred to; that Raymond entered into the agreement by reason of fraud and misrepresentations practised upon him by the plaintiffs, to the effect that "Outcault was the author, inventor, and designer" of the play, and that the plaintiffs had the exclusive ownership; that the plaintiffs did not, nor did either of them, have the title or ownership of the play or of the trade-mark or copyright, nor was either of them the author, but that the same belonged to the New York Herald, who was the owner, designer, and inventor, and who held the trade-mark and copyright; that Raymond believed the representations made to him by the plaintiffs, and by reason thereof, prior to the time he became a bankrupt, paid to them upwards of $44,-000 royalties provided for in the contract and for which amount judgment is demanded with interest. The plaintiffs demurred to the defense and counterclaim, consisting of new matter, upon the ground that as a defense it is insufficient in law upon the face thereof, and as a counterclaim it does not state facts sufficient to constitute a cause of action. The demurrer was overruled; the court holding as a conclusion of law that the answer demurred to "in so far as it admits the first three paragraphs of the complaint, and denies every other allegation in the complaint states a good defense," but that, in so far as it attempts to set up a counterclaim, it is ineffectual, inasmuch as "it seeks to repudiate an agreement which the defendants are estop-

ped to deny." An interlocutory judgment was entered upon the decision from which the plaintiffs appeal.

The demurrer is "to the defense and counterclaim consisting of new matter." The language is sufficiently explicit. It is almost identical with the words used in the Code. Section 494, Code Civ. Proc. It clearly indicates that all that part of the amended answer which is designated as a "further, separate and distinct defense" and as a counterclaim is demurred to. This defense is introduced with the words:

"For a further, separate and distinct defense to plaintiffs' alleged cause af action, and as and for a counterclaim thereto, defendant, as trustee, avers."

A defense which is separately pleaded as a distinct defense must be complete in itself, and must contain all that is necessary to answer the whole cause of action, or that part thereof which it purports to answer (Sbarboro v. Health Department, 26 App. Div. 177, 49 N. Y. Supp. 1033), and it cannot be aided by resorting to other parts of the answer to which it contains no reference in terms or by necessary implication (Anisansel v. Coggeshall, 83 App. Div. 491, 82 N. Y. Supp. 430). There are no admissions or denials in this defense, nor is there any reference to the admissions or denials contained in the first defense. This is an affirmative defense, and either a general or specific denial would have been improperly inserted in it. Eells v. Dumary, 84 App. Div. 105, 82 N. Y. Supp. 531.

Defendant, in the first defense, denied substantially all of the material allegations of the complaint; and, if these denials were good, they were good for every purpose at the trial, and were just as effectual as if repeated in the separate and distinct defense. The facts pleaded do not constitute a defense, because there is no allegation to the effect that the defendants have rescinded the contract referred to and restored or offered to restore the plaintiffs to the position in which they stood before the making of it. A contract, although fraudulently procured, is not void, but voidable, at the election of the party defrauded. Such party can either affirm or disaffirm the contract, but he cannot do both, either in whole or in part, and therefore, where he elects to disaffirm, he must return all benefits that have been received. Cobb v. Hatfield, 46 N. Y. 533. Here there are no allegations that upon discovery of the fraud Raymond or the defendant returned or offered to return the manuscripts, scores, music, musical numbers, etc., furnished by the plaintiffs to enable the defendant to produce the play, or that either of them gave the plaintiffs any notice whatever that he elected to disaffirm the contract. These facts could not be proved at the trial because they are not alleged, and for that reason the answer is insufficient as a defense. Devendorf v. Beardsley, 23 Barb. 656. Nor are the facts pleaded sufficient to establish a counterclaim. Neither Raymond nor his trustee, while producing the play under the license and permission from the plaintiffs, can question plaintiffs' right to receive the royalties stipulated in the contract. This can only be done by surrendering the license, and giving back to the plaintiffs what has been received from them. Saltus v. Belford Co., 133 N. Y. 499, 31 N. E. 518.

The judgment appealed from therefore must be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendant to serve an amended answer on payment of the costs in this court and in the court below. All concur.