the later version of the accident. It being the master's duty to supply proper machinery and appliances, that duty cannot be delegated in such a manner as to relieve the master of the duty. Of course, if there had been other wheels of a proper make and in fit condition, and the foreman had merely erred in judgment in the selection of this particular wheel, the accident would have been due to the fault of a fellow servant; but if this was the only wheel available for this use, and the defendant's foreman directed the plaintiff to use it, and the defect was not such as to be obviously dangerous, there was a failure of duty on the part of the master, for which the defendant is liable. The evidence, we believe, supports this view of the case, and we find no reversible error in the record.

The judgment and order appealed from should be affirmed, with costs. All concur.

(124 App. Div. 578.)

MINCHO v. BANKERS' LIFE INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. CONTRACTS—RESCISSION—RETURN OF CONSIDERATION.

The general rule is that, in order to rescind a contract, the one seeking to do so must place or offer to place the other party in the same position, so far as he has parted with value, that he was in prior to its execution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1187.]

2. SAME.

Where a party seeks to rescind a contract on the ground of fraud, he can do so by tendering or restoring what he has received, and then commence his action, or he may keep what he has received and sue to recover damages for the fraud, or he may commence an action in equity to rescind and for equitable relief, offering in his complaint to restore in case he is not entitled to retain what he has received.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1184–1187.]

3. SAME.

Where a party seeking to rescind a contract has incurred expense or otherwise sustained damage by reason of the fraud, then equity will not compel him to pay back all he has received, but only such part as remains after deducting his loss.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1186.]

4. INSURANCE—CANCELLATION OF POLICY—ACTION TO RESTORE—ANSWER.

In an action against an insurance company to restore a policy which it had attempted to cancel, on the ground of plaintiff's fraud in procuring the same, an answer setting up plaintiff's fraud, but without indicating a willingness to restore the premium paid, if it be determined that defendant was not entitled to retain the same, was insufficient on demurrer.

5. PLEADING—FACTS OR CONCLUSIONS.

An allegation that defendant "duly canceled the policy of insurance" is a conclusion of law, and not the statement of a fact.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 12–28½.]

Houghton, J., dissenting.

Appeal from Special Term.

Action by Gustav H. Mincho against the Bankers' Life Insurance Company of the City of New York. From an interlocutory judgment sustaining plaintiff's demurrer to a separate defense, defendant appeals. Affirmed.'

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Van Schaick & Brice, for appellant.
George E. Morgan, for respondent.

McLAUGHLIN, J. On the 19th of June, 1906, the plaintiff applied for and obtained from the defendant a policy of life insurance for $20,000, and he then paid an annual premium of $1,397.27, and by the terms of the policy agreed to pay a similar amount on the 19th of June in each succeeding year until he had made in all 15 payments, and at the expiration of 15 years from the date of the contract, or sooner in the case of death, the defendant agreed to pay the plaintiff, if living, or to his executors, administrators, or assigns, if dead, the sum of $20,000. Thereafter, and on or about the 12th of June, 1907, defendant canceled said policy, and gave the plaintiff notice of that fact and that it would not be liable thereunder, and would not perform the same. Thereupon he brought this action in equity to procure a judgment restoring said policy and declaring it an existing contract and liability of the defendant, and to compel it to issue a receipt showing the payment of the premium due on the 19th of June, 1907, which the plaintiff tendered to the defendant, and which it refused to accept.

The defendant, as a separate answer, alleged that as a consideration of issuing the policy the plaintiff signed certain written statements which were made a part of it, and which statements the plaintiff warranted were true, and, among other things, he stated that he had never made an application for life insurance on which a policy was not issued or issued upon a different plan from the one applied for, whereas he had in fact, previous to making such statements, frequently applied for and been refused insurance in other companies, and that "as soon as defendant was informed of this, and before the first anniversary of the policy, the defendant duly notified the plaintiff that it elected to cancel said policy of insurance, and said policy was thereupon duly canceled." The plaintiff demurred to this defense upon the ground that it is insufficient in law upon the face thereof. The demurrer was sustained, and defendant appeals.

The answer was held bad upon the ground, as appears from the opinion of the learned justice at Special Term, that "there is no allegation that the defendant has returned, or offered to return, the premiums paid by the plaintiff"; in other words, that the general rule applies as to the rescission of contracts. There is no doubt about the general rule, which is that in order to rescind a contract the one seeking to do so must place or offer to place the other party in the same position, so far as he has parted with value, that he was in prior to its execution. This rule has for its origin the equitable principle that one who seeks to free himself from a contract can do so only by returning

all benefits derived therefrom. Cox v. Stokes, 156 N. Y. 491, 51 N. E. 316; Outcault v. Bonheur, 120 App. Div. 168, 104 N. Y. Supp. 1099. Where restoration has not been made prior to the commencement of the action, then willingness and ability to restore must be alleged, and such allegation complied with at the trial. Gould v. Cayuga County Nat. Bank, 99 N. Y. 333, 2 N. E. 16; Nelson v. Hatch, 56 App. Div. 149, 67 N. Y. Supp. 570; This rule, however, is not of universal application. Kley v. Healy, 127 N. Y. 555, 28 N. E. 593. Where a party seeks to rescind on the ground of fraud, he has an election of remedies. He "can rescind by tendering or restoring what he has received, and then commence his action. He may keep what he has received, and sue to recover damages for the fraud; or he may commence an action in equity to rescind and for equitable relief, offering in his complaint to restore, in case he is not entitled to retain, what he has received." Gould v. Cayuga County Nat. Bk., 86 N. Y. 75–84. The same rule applies where by way of defense a rescission is sought. City of Ironwood v. Wickes, 93 App. Div. 164, 87 N. Y. Supp. 554. If the party seeking to rescind has incurred expense or otherwise sustained damage by reason of the fraud, then equity will not compel him to pay back all he has received, but only such part as remains after deducting his loss. This is equitable to both parties. The party perpetrating the fraud ought to be compelled to pay whatever damage the other party has sustained by reason of such fraud. But if this rule be applied, I do not think the answer demurred to sets forth a defense, inasmuch as facts are not stated from which it can be seen or even inferred that the defendant has incurred any expense or sustained any loss by reason of the plaintiff's alleged fraud. There is no offer to return the premium paid, or any part of it. The judgment asked is simply that the complaint be dismissed, with costs. The defendant should have indicated in its answer, by an appropriate offer to that effect, a willingness to restore, if it be determined that it is not entitled to retain what it has received (Delano v. Rice, 23 App. Div. 327, 48 N. Y. Supp. 295); or else the relief demanded should provide for an award in plaintiff's favor if it be determined that the defendant is not equitably entitled to keep what the plaintiff has paid to it. Allerton v. Allerton, 50 N. Y. 670; Harris v. Equitable Life Assurance Society, 64 N. Y. 196; Pritz v. Jones, 117 App. Div. 643, 102 N. Y. Supp. 549.

The allegation that defendant "duly canceled" the policy does not make the answer good. This is a conclusion of law, and not the statement of a fact.

The interlocutory judgment appealed from, therefore, should be affirmed, with leave to the defendant to serve an amended answer on payment of the costs in this court and in the court below.

PATTERSON, P J., and LAUGHLIN and SCOTT, JJ., concur.

HOUGHTON, J. (dissenting). I do not think defendant pleads a rescission of contract. It is a breach of warranty only that is pleaded.

Defendant sets forth that prior to the time the second premium fell due acceptance of which would have made the policy incontestable, it

learned that plaintiff, contrary to his warranty, had applied for other insurance and been rejected, whereupon it notified the plaintiff it would have no further dealings on the contract with him. There are no express allegations of fraud nor any prayer for rescission, and nothing from which these can be implied except that the warranty alleged chances to be one which was broken the moment the policy was issued. If the policy had been issued on a warranty that the insured would not travel outside the United States, a plea of cancellation because the insured had gone beyond its borders would be perfectly good, and there could not well be any suggestion of rescission. So, too, if the insured had died, and an action had been brought by the beneficiaries under the policy, the present answer would have been perfectly good without any plea of tender back of the premium paid.

It is true the plaintiff has brought the defendant into equity, but that does not prevent defendant from pleading a breach of warranty or setting up any legal defense it may have. It can stand on its legal rights if it has any. Termination of a continuing contract for breach of warranty which makes it void is quite different from coming into court and asking to be relieved from a contract because fraud induced its execution. The defendant does not ask to be relieved. It simply alleges it terminated the policy because of its discovery of a breach of warranty which made it void, and stands on its legal right so to do, and 1 see no reason for saying it must plead tender of the premium which the plaintiff paid.

I think the demurrer was improperly sustained, and vote to reverse the interlocutory judgment.