## LAKOWSCHOWSKY v. UTOPIA LAND CO.

(Supreme Court, Appellate Term. June 17, 1908.)

1. VENDOR AND PURCHASER—RECOVERY OF PURCHASE MONEY PAID—EVIDENCE—ADMISSIONS—INSOLVENCY.

    Certain statements by the secretary of a company, on refusing to accept payment of installments on a contract by the company for the sale of land, *held* not such admissions of insolvency as to show inability to perform which would constitute a present breach of the contract.

2. APPEAL AND ERROR—REVIEW—PRESUMPTIONS—ABSENCE OF FINDING OF FACTS.

    Where, on appeal from a judgment of dismissal, the case contains no statement of the conclusion of fact of the trial judge, defendant is entitled to the inference most favorable to it in support of the judgment.

    Bischoff, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Lakowschowsky against the Utopia Land Company. Judgment of dismissal, and plaintiff appeals. Affirmed.

See 110 N. Y. Supp. 182.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Paul Gross and Herman Kahn, for appellant.

Wasserman & Jacobus, for respondent.

MacLEAN, J. Reconsideration of this cause, following the filing of an opinion on May 8, 1908, by the Appellate Division, in an appeal in an action between the same parties, leads as before to the conclusion that the complaint herein was properly dismissed. Under their contract the individual plaintiff assumed certain obligations, as well as did the corporation defendant. Neglecting his own obligations, he wants back the money pronounced forfeit under the contract, on the suggestion, not made at the trial, whereat he put in his evidence of the facts, nor upon the argument, that the defendant, after the relations between the parties had been fixed, had let it go out of its power

to perform. The refusal of the defendant to receive certain installments did not constitute breaches of the contract, nor may inability on its part to perform when the time for performance arrives be inferred from the statements of the plaintiff's wife that the secretary of the defendant said, "I cannot take the money because the company is in trouble," or that of another woman, responding to a query of the court as to whether she heard the secretary say anything about forfeit, "Yes, he said 'forfeited' in English; but explained afterwards that the company was 'busted.'" Were there recognized authority for translating these expressions into admissions of insolvency or bankruptcy, the fact would remain, as found, that the plaintiff defaulted in payments according to the terms of the contract, and therefore he may not claim as for a breach by the defendant. Furthermore, to meet a proposition also advanced, it may be observed that the learned trial justice sitting without a jury had to determine for himself, pass upon in the first instance the credence to be given to the women's statements, and so was not bound, on the plaintiff's resting provisionally, to presume therefor the inference most favorable to the plaintiff, and thereafter resubmit, as it were, consideration of the same statements to himself when both sides had rested. The plaintiff had, of course, to establish his contention of facts to the satisfaction of the trial justice. The case containing no statement of the conclusion of fact, the defendant is entitled to the inference most favorable to it in support of the judgment. Viele v. Troy & Boston R. R. Co., 20 N. Y. 184, 186.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

BISCHOFF, J. (dissenting). Taking the evidence for the plaintiff in the favorable aspect which is to measure the extent of the proof upon the review of a nonsuit, I cannot escape the conclusion that a prima facie case was made out and that the dismissal was error. The action is not based upon a mere refusal of the defendant to accept the installments at particular times. As ruled by the Appellate Division upon an earlier appeal (Lakoschowsky v. Utopia Land Company, [Sup.] 110 N. Y. Supp. 182, opinion filed May 8, 1908), this refusal did not amount to a breach of contract; but the record before us presents a case founded upon a refusal by the defendant to perform the contract of sale at any time, such a refusal being found in the statement made by its agent to the effect that the company was insolvent and that the money theretofore paid was "lost" or "forfeited." Needless to say a contract of this kind, for payment upon installments on the faith of the payee's promise to deliver a deed of real property in the future, involves the continued solvency of the payee as a condition. See Attorney General v. Guardian Mut. Life Ins. Co., 82 N. Y. 336; People v. Empire Mut. Life Ins. Co., 92 N. Y. 105. The proof indicated the fact of insolvency through the effect to be given to evidence in the form of admissions, and a present breach of the agreement on the defendant's part was thus apparent and involved its refusal to perform at any time. Under these circumstances, the plaintiff had a right of action for the default,

and the damages would properly be measured by what had been paid upon the faith of the defendant's performance. It may be that upon all the proof the trial court would be justified in holding that there was in fact no condition of insolvency upon the defendant's part. If so, upon a full disclosure of the facts, the defendant may prevail, because the claim in suit would thus be based upon an anticipated breach of a contract not of the class in which a recovery is permitted for a refusal to perform before the time fixed for performance. Kelly v. Security Mutual Life Ins. Co., 186 N. Y. 16, 78 N. E. 584. As the proof stands, however, for the purposes of this appeal, the breach was not anticipated. It had occurred, and the complaint was improperly dismissed.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.