WILLIAM F. GRIGSBY, Appellant, *v.* EVERETT L. HUBBARD, Respondent.

Third Department, July 2, 1926.

**Vendor and purchaser — action by purchaser to rescind contract for purchase of farm and equipment — plaintiff was in possession for six years — stock and equipment and large amount of timber sold — no fraud shown and no tender of restitution by plaintiff — contract will not be rescinded — alleged defects in title not shown — defendant is entitled to judgment foreclosing contract.**

The plaintiff is not entitled to have a land contract for the purchase of a farm and equipment rescinded on the ground of fraud and unmarketability of title

based on the failure of the defendant to insert in the deed an exception of one
and two one-thousandths acres of land which had been sold to the county, the
existence of an old deed transferring mineral rights, and the existence of certain
undischarged mortgages, for the evidence fails to show that there was any
fraud in the making of the contract, and it appears that plaintiff has failed to
perform his part and did not make any tender of restitution either before the
action was begun or at any time thereafter, and furthermore, it appears that
most of the equipment and a large quantity of lumber has been sold from
the farm.

The defendant is entitled to a judgment foreclosing the land contract, since it
appears that the deficiency in the quantity of land which actually amounts to
only three-tenths of an acre in a farm of about 274 acres, was well-known to
the plaintiff at the time of the sale and was omitted from the contract inad-
vertently. Furthermore, the plaintiff occupied the farm for six years and
made payments under his contract with full knowledge of the alleged deficiency,
and he is, therefore, estopped from complaining that there is a defect in the
title in respect to that piece of ground.

The defect in the title in respect to the mineral rights has been cleared up by a
deed from the executors of the man who died owning such mineral rights, and
as to the mortgages it appears that one of them was never on the record, that
another was discharged and that the third became due in 1883 and there is
no proof that any payments have been made on it since that time. The pre-
sumption is, therefore, that as to the last mortgage it has been paid.

APPEAL by the plaintiff, William F. Grigsby, from a judgment
of the Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of Delaware on the 15th day of
January, 1926, upon the decision of the court rendered after a
trial before the court without a jury at the Delaware Trial Term.

*Claude V. Smith*, for the appellant.

*O'Connor & O'Connor* [*A. L. O'Connor* of counsel], for the
respondent.

VAN KIRK, J. The defendant entered into a contract with the
plaintiff and his son, by the terms of which he agreed to sell, and
they agreed to buy, a certain farm with the stock and other
personal property thereon. Before this action was begun the son
had transferred to this plaintiff all his interest in the said contract
and the property covered by it. In our discussion we shall treat
the plaintiff as the sole vendee.

The action is brought to have rescinded this contract and to
recover the moneys paid thereon, together with $2,000 damages.
The ground for rescission alleged in the original complaint was that
plaintiff failed to insert in the deed an exception of one and two
one-thousandths acres of land which several years before he had
sold to the county to straighten an old highway. At the trial
plaintiff was allowed to amend the complaint, setting up that
defendant did not own the minerals in the land; that in an old
deed of part of the premises there had been reserved to another

all the minerals thereon with the right to go upon the premises for mining purposes; that the contract purported to cover these minerals and rights, but the defendant not being the owner could not convey them. At the trial the plaintiff claimed also that there were certain undischarged mortgages of record which were incumbrances upon the premises. In the answer are denials, also an affirmative defense alleging the necessary facts for reformation of the contract in respect to the piece conveyed to the county, and a demand that plaintiff be required to perform on his part, or that defendant be granted foreclosure of the contract. The court has found the facts, and his findings are justified by the record, upon which the complaint has been dismissed and the affirmative relief asked by the defendant granted.

The evidence does not justify a rescission of the contract. There was no fraud in its making. The plaintiff had failed to perform upon his part; neither did he tender restitution, either before the action was begun or at any time. He had been in possession and had used as his own all of this property for six years prior to the beginning of the action; he had disposed of almost all the stock sold with the farm and made no accounting to defendant of the proceeds; he had cut and sold some 34,000 feet of timber; he had foreclosed a certain mortgage, called the Oklahoma mortgage, and appropriated the property covered by the mortgage and its avails to his own use in disregard of the contract which provided he would assign that mortgage to the defendant and that all of the payments which should be made upon that mortgage should be credited upon the contract. Also the alleged defects in the title, if any existed, were too unsubstantial, as we think will hereafter appear, to justify rescission of the contract and adequate relief could be had by plaintiff in an action at law for damages. The court, therefore, properly dismissed the complaint. (*Lakoschowsky* v. *Utopia Land Co.*, 125 App. Div. 827; *Fossume* v. *Requa*, 218 N. Y. 339, 342; *City of Ironwood* v. *Wickes*, 93 App. Div. 164; *Maass* v. *Rosenthal*, 125 id. 452; *Trowbridge* v. *Oehmsen*, 207 id. 740; *Callanan* v. *K., A. C. & L. C. R. R. Co.*, 199 N. Y. 268.)

The defendant was entitled to the judgment rendered. He had tendered a good and sufficient warranty deed of the premises and demanded of plaintiff performance on his part. In this deed the piece of land sold to the county was excepted and the part of the old highway which was no longer used as such was included in the description. It is disclosed in the evidence and is found that, before the contract was made, plaintiff with his son and another went upon the premises. The piece of land sold to the county was then occupied for highway purposes. Plaintiff was informed

that this piece of land had been sold to the county and had been used to straighten the old highway, leaving seven-tenths of an acre of the old highway unused, and that this had reverted to defendant. By inadvertence, however, when the contract was drafted, no one thought to suggest the exception of the acre sold to the county; very naturally the description in defendant's deed was used. As the defendant had asked, the court corrected the contract to conform to the agreement actually made by excepting the piece of land conveyed to the county and including the part of the old highway which was abandoned and had reverted to defendant. The deed tendered, therefore, conformed to the terms of the oral agreement and the understanding of the parties. Also he had performed on his part and his title was marketable. The apparent defect in respect to the piece of land conveyed to the county has been corrected and was not substantial. One and two one-thousandths acres was taken for the new highway, seven-tenths of an acre was returned, leaving but three-tenths of an acre loss. The farm contains about two hundred and seventy-four acres. The plaintiff had occupied the farm, had used it for more than six years, had inclosed the part of the old highway which was abandoned and made payments under his contract with full knowledge that the piece for the highway had been conveyed; he is estopped from complaining that there is a defect in the title in respect to this piece.

The defect in the title in respect to the mineral rights has been cleared. The record of the reservation of mineral rights is found in a deed of a part of these premises made in 1869; it was repeated in a deed in 1872, but has not been mentioned since in any deed or record. The defendant did not know of it when he made the contract. There have been some ten mesne conveyances of the land between 1872 and the time defendant purchased. There has never been any suspicion that there were mineral rights in this land and no one has ever attempted to prospect or test it or to exercise any mining rights. This alleged defect was first raised at the trial, when plaintiff was allowed to amend his complaint and allege it, defendant at the same time being given the privilege of correcting the defect. He thereupon procured a deed from the executors of John Bell, who it is conceded died owning such mining rights as had not been conveyed with the farm. The will of John Bell was duly admitted to probate and the executors who had qualified were still executors for the purpose of administering the estate when they executed the said deed. This will directed that all the rest, residue and remainder of his property be divided into eight equal parts and these parts were to be distributed to three

boards of the United Presbyterian Church. The executors were authorized to sell at public or private sale any of his real estate if in their judgment to do so was for the interest of his estate; and continued: "Believing that my estate might be injured by an attempt to immediately turn certain portions thereof into money, I will and direct that my executors pay the general legacies at such time as the law directs; that at or before the expiration of eighteen months after my death they pay what available money they have to my residuary legatees, and thereafter as often as they have eight hundred dollars in their hands that they pay the same to the residuary legatees *pro rata*. But they shall not be compelled to sell any of my real estate or institute any legal proceedings to collect any of my securities until five years from my death, if in their judgment more could be realized by waiting, and the residuary clause of this will is subject to this provision." It seems plain that the testator did not intend that these mining rights should pass as real estate to these residuary legatees. These mineral rights were a part of his residuary estate, which he directed should be divided into eight parts. I can conceive in no way that unknown mineral rights could be divided into eight parts and delivered separately to three devisees. It is plain that the testator meant that such real estate as he died owning should be sold and the moneys be distributed as directed in his will. The deed from the executors we conclude corrected any defect in the title in this respect; that it was the exercise by the executors of a valid power in trust. (*Kinnier* v. *Rogers,* 42 N. Y. 531.) If there had been a prior devise of these mining rights it would not necessarily be repugnant to this power of sale. (*Taber* v. *Willets,* 1 App. Div. 285; *Hutkoff* v. *Winmar Realty Co., Inc.,* 211 id. 726.)

The plaintiff also complains that there are three mortgages of record. As to one of these he is in error, because no such mortgage appears on the record; there is but a reference to it in an old deed. Another of these mortgages has been discharged of record. The third is a mortgage given in 1872, covering eighty-seven of the acres in question. This mortgage became due and payable in 1883, and there is no proof that any payments had been made on it since that year. In fact there is no proof of payments on any of these mortgages after they became due. The record of these mortgages and the reference to the other mortgage, which apparently was not recorded, made in a deed in February, 1869, are not clouds upon the title which render it unmarketable. The presumption is that the mortgages have been paid. (*Knapp* v. *Crane,* 14 App. Div. 120; *Martin* v. *Stoddard,* 127 N. Y. 61; *Katz* v. *Kaiser,* 10 App. Div. 137; affd., 154 N. Y. 294.)

We find no merit in the plaintiff's contention; right and equity seem to us to be entirely with the defendant. There are many matters urged in the appellant's brief which we do not think require discussion in this opinion. In our view the trial court has correctly disposed of the case and the judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.