DAVID EGERT and Another, Plaintiffs, *v.* AMSTERDAM DEVELOPMENT AND SALES COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, December 15, 1933.

*Theodore Siskind,* for the plaintiffs.

*Carl B. Eimer,* for the defendant.

Genung, J. Plaintiffs, as executors of Hans Charles Heim, deceased, sue to recover the sum of $983, paid by said decedent to defendant on account of the purchase price of real property.

The defendant moves to dismiss the complaint upon the ground that it fails to state a cause of action. Affidavits may not be used on such motions, and hence defendant's affidavit has not been considered.

The complaint shows that in September, 1931, the decedent entered into a written contract for the purchase of vacant lots, located at Sparkill, Rockland county, N. Y., for the sum of $3,000, payable $500 on the signing of the contract and the balance in monthly installments of $25, until the full sum, with interest, is paid. Payments were to be made at the office of the defendant, in the city of New York, and the defendant agreed to deliver a warranty deed " when all payments have been made in accordance with " the agreement. The lots were part of a tract of land, divided into lots. The deceased made payments up to and including June, 1932. Plaintiffs now claim that defendant has converted to its own use the sums paid, in violation of a duty claimed to be imposed by the Penal Law.

Sections 1311 and 1312 of the Penal Law provide:

" § 1311. Any person, firm or corporation, who, in the city of New York, takes, collects, receives, keeps or withholds any money, property, liberty bond, evidence of debt or contract, article of value of any nature or thing in action or possession, in amount or amounts of one hundred dollars or less in value, either in installments or otherwise on account of promise or agreement, wherever made, for the sale of any real property in a tract of land, wherever located, subdivided into lots, has and holds such moneys or other property, and any or all of it, in his or its possession, custody or control as bailee and trustee for the special purpose of and until due delivery of deed or title pursuant to such promise or agreement.

" § 1312. * * * The failure to make or cause to be made, when due, delivery of deed or title as set out in the preceding section is presumptive evidence of misappropriation. Any alienation or any loss or impairment by mortgage or other lien or by foreclosure, by tax sale or by tax lien sale, or otherwise, of good title to such real property by the vendor, or those by whom the vendor claims, is presumptive evidence of knowledge and intent by such bailee and trustee."

Section 1313 makes a violation of those sections a misdemeanor.

Aside from the question of the constitutionality of the enactments, it seems to be evident that the Legislature never intended the result now contended for by plaintiffs.

Plaintiffs do not claim that defendant was, or is, unable to deliver a deed, in accordance with the contract, nor do the plaintiffs allege payment or tender of the balance of the purchase price. They merely allege that there was and is a mortgage on the tract in the sum of $72,000, and apparently claim that the existence of such mortgage is a breach of the contract entitling them to rescind and recover back the payments made.

Section 1311 attempts to change the usual relationship of vendor and purchaser of real property into that of bailor and bailee, or trustee and *cestui que trust*, if payments on account of the purchase price are paid in *the city of New York*, quite irrespective of where the property is located or where the contract is executed and delivered. But that section must be read in conjunction with the other parts of the statute and a reading of the statute as a whole shows that the intent was to compel the delivery of *title*. Until the law day it cannot be said that the vendor is in default. (*Tanzer* v. *Bankers' Land & Mortgage Corp.*, 159 App. Div. 351.)

It has long been the rule that a vendee who has declined to pay the purchase money in the manner and at the times specified in the contract, has no cause of action either for the return of the money paid or for damages. (*Lakoschowsky* v. *Utopia Land Co.*, 125 App. Div. 827.)

The complaint herein shows that at the time of the commencement of the action (September, 1933) the plaintiffs were in default — no payment having been made since June, 1932; a lapse of over one year. True, the complaint alleges due performance by plaintiffs except as performance has been waived by defendant, but the contract requiring monthly payments is made a part of the complaint and plaintiffs fail to allege what part of the contract defendant waived. (*Todd* v. *Union Casualty & Surety Co.*, 70 App. Div. 52; *Ohlbaum* v. *Commercial Casualty Ins. Co.*, 218 id. 842.)

It is not alleged that plaintiffs ever requested a deed nor that the defendant failed " to make or cause to be made, when due, delivery of deed or title," and unless and until there is such failure, the defendant need not repay the moneys received on account of the purchase price.

The motion to dismiss the complaint is accordingly granted.